UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK-JDE | Date | February 28, 2020 |
|---|---|---|---|
| Title | *O.L. v. City of El Monte et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:

Not Present                                    Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Plaintiff's Request to Proceed Using Initials [DE 13]**

On January 27, 2020, Plaintiff O.L. filed a complaint against the City of El Monte, the County of Los Angeles, David Reynoso, Martha Tats, Michael Buckhannon, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp and June Chung (collectively, "Defendants"). Plaintiff seeks both damages and a wide range of injunctive relief arising from Defendants' handling of Plaintiff's report of a sexual assault.

On the same day, Plaintiff filed a temporary restraining order accompanied by a request to proceed pseudonymously due to fear of retaliation. The Court denied that request because it found Plaintiff's concerns regarding misogyny too vague to meet the standard for requests to proceed anonymously based on potential retaliation as set forth in *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010). Presently before the Court is Plaintiff's request to proceed using her initials in the interest of protecting her privacy.

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Courts in this circuit and others have recognized the interest of plaintiffs bringing claims related to sexual assault in proceeding anonymously to avoid embarrassment and potential stigma. *See Does I thru XXIII*, 214 F.3d at 1067–68 ("In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment.") (internal quotations omitted); *Doe v. Blue Cross & Blue Shield*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00797-RGK-JDE | Date | February 28, 2020 |
| Title | *O.L. v. City of El Monte et al* | | |

112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.").

     Here, Plaintiff's claim arises from the city's handling of her report of a sexual assault, and therefore implicates the details of that report, which are necessarily private and potentially embarrassing. The Court therefore finds that Plaintiff has articulated an interest in maintaining her anonymity. At the same time, Defendants have not opposed the request or articulated any prejudice that they would suffer as a result, and furthermore are themselves already aware of Plaintiff's identity. Lastly, while the public unquestionably has a "legitimate interest in knowing all the facts and events surrounding court proceedings," it also has an interest in encouraging victims of sexual assault to come forward. *Doe v. Penzato*, No. 10-CV-5154-MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011). On balance, therefore, the Court finds that the factors weigh in favor of allowing Plaintiff to proceed under her initials.

     For the foregoing reasons, the Court **GRANTS** Plaintiff's request to proceed using her initials.

     **IT IS SO ORDERED.**

:
_____ _____

Initials of Preparer
_____