UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK-JDE | Date | March 2, 2020 |
|---|---|---|---|
| Title | *O.L. v. City of El Monte et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction [DE 24]

I. **INTRODUCTION**

On January 27, 2019, Plaintiff filed a complaint bringing thirteen causes of action against the City of El Monte, the County of Los Angles, David Reynoso, Martha Tate, Michael Buckhannon, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackey Lacey, Peter Cagney, Karen Thorp and June Chung (collectively, "Defendants").

Plaintiff's complaint arises from the Defendants' decision not to prosecute an alleged sexual assault. Plaintiff seeks damages and a wide range of injunctive relief, including injunctions compelling the district attorney to file charges against the accused party, disbarring several of the attorneys involved, and instituting wide ranging reforms in the relevant police departments.

Plaintiff also alleges that Defendant police officers violated the scope of her consent to search her smartphone, which she provided to them on July 2, 2019. She contends that she did not grant consent to search the entire contents of her phone, but rather only to view the communications between herself and the accused perpetrator.

On January 27, 2020, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") seeking to prevent Defendants from viewing or in any way interacting with any of the material for which she has not granted consent pending the issuance of a preliminary injunction. On January 29, 2020, the Court denied that application. (ECF No. 10.)

Presently before the Court is Plaintiff's second application for an *ex parte* TRO seeking the same relief. (ECF No. 24.) For the following reasons, the Court **DENIES** Plaintiff's application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK-JDE | Date | March 2, 2020 |
|---|---|---|---|
| Title | *O.L. v. City of El Monte et al* | | |

## II. JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.* Also, where a TRO may be granted without notice to the adverse party under limited circumstances, a preliminary injunction cannot be granted without notice. Fed. R. Civ. P. 65(a)–(b).

Despite these differences in purpose and procedure, the standard for a TRO is "substantially identical" as the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Injunctive relief—whether obtained by TRO or preliminary injunction—can be classified into two categories: mandatory or prohibitory. A mandatory injunction commands a party to do some positive act, while a prohibitory injunction restrains a party from engaging in further acts. Because a mandatory injunction alters the status quo, a request for mandatory injunctive relief "is subject to heightened scrutiny and [the injunction] should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Indeed, the Ninth Circuit has cautioned that when "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo[,]" the court "should be extremely cautious[.]" *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

Finally, Local Rule 65-1 sets out the procedure that parties litigating in this district must follow when seeking a TRO. The rule provides that a party seeking a TRO "must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue." C.D. Cal. L.R. 65-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK-JDE | Date | March 2, 2020 |
|---|---|---|---|
| Title | *O.L. v. City of El Monte et al* | | |

### III. DISCUSSION

The Court denied Plaintiff's last TRO request because (1) she was not in compliance with Rule 65(a)'s requirement to provide notice to the adverse party, and (2) Plaintiff had not made the necessary showing of a need for emergency relief to justify the issuance of an *ex parte* TRO. The Court finds that substantially the same issues prevent it from granting this one.

Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Local Rule 7–19.1 requires an attorney applying *ex parte* to "make reasonable, good faith efforts *orally* to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application." (emphasis added).

Plaintiff has provided the Court with a notice to opposing counsel of her *ex parte* application for a temporary restraining order. That notice to Counsel states that "On Tuesday, Jan 25, 2020, Plaintiff emailed Erin R. Dunkerly, counsel for County of Los Angeles and its employees, to advise her of the *ex parte* application. On Jan 26, 2020 Ms. Dunkerly indicated that Defendants opposed the application." (Pl.'s Notice to Counsel, ECF No. 26.) Plaintiff then filed her TRO on February 27, 2020. As the Court similarly addressed with regard to Plaintiff's last application, it is not sufficient notice to apprise the opposing party of one's intent to seek relief via email and then wait a month to file a TRO.

Furthermore, as the Court also noted with regard to Plaintiff's last TRO application, the length of time that this state of affairs has been in effect weighs against the issuance of a TRO. Plaintiff provided her cellphone to Officer Liliana Jara approximately eight months ago on July 2, 2019 as part of the investigation into her sexual assault allegations. Courts have consistently held that a lengthy delay in seeking a temporary restraining order weighs against a finding that irreparable harm will ensue in the time it takes to hold a hearing on a preliminary injunction. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015); *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1097 (N.D. Cal. 2012) ("[T]he Court finds that Plaintiff's delay in requesting a TRO militates against its issuance. Parties spurred on by the threat of or actual immediate irreparable harm file for TROs as quickly as possible to head or stave it off.")

The Court recognizes that Plaintiff is proceeding pro se. The legal standard to obtain a TRO is extremely high, and the procedural requirements are likewise highly involved. This is because a TRO is an extraordinary form of relief that is granted only in emergencies and under exceptional circumstances. Rather than continually attempting to obtain temporary relief through the mechanism of a TRO, the Court recommends that Plaintiff instead bring a motion for a preliminary injunction, which the Court can calendar for a hearing at the next available opportunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK-JDE | Date | March 2, 2020 |
|---|---|---|---|
| Title | *O.L. v. City of El Monte et al* | | |

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Application is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____