**Erin R. Dunkerly, Esq. (State Bar No. 260220)**
**Amanda G. Papac, Esq. (State Bar No. 328899)**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA 91030**
**(626) 243-1100 – FAX (626) 243-1111**
**Email: edunkerly@ccmslaw.com**
**Email: apapac@ccmslaw.com**

Attorneys for Defendants
COUNTY OF LOS ANGELES, ALEX VILLANUEVA, LILIANA JARA,
RICHARD RUIZ, JACKIE LACEY, PETER CAGNEY, KAREN THORP, AND
JUNE CHUNG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.L.,<br><br>                        Plaintiff,<br><br>        vs.<br><br>CITY OF EL MONTE; COUNY OF LOS ANGELES; DAVID REYNOSO; MARTHA TATE; MICHAEL BUCKHANNON; ALEX VILLANUEVA; LILIANA JARA; RICHARD RUIZ; JACKIE LACEY; PETER CAGNEY; KAREN THORP; JUNE CHUNG; and DOES 1-10, inclusive,<br><br>                        Defendants. | CASE NO. 2:20-CV-00797-RGK-JDE<br>*Magistrate John D. Early – Courtroom 6A*<br><br>**DEFENDANTS COUNTY OF LOS ANGELES, ALEX VILLANUEVA, LILIANA JARA, RICHARD RUIZ, JACKIE LACEY, PETER CAGNEY, KAREN THORP, AND JUNE CHUNG'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (FRCP 12(b)(6))**<br><br>*This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 26, 2020*<br><br>**DATE: April 9, 2020**<br>**TIME: 10:00 A.M.**<br>**COURTROOM: 6A**<br><br>Complaint Filed: 2/3/2020<br>Trial Date:        None |

///

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax        (626) 243-1111

**TO THE COURT AND PLAINTIFF IN PRO PER:**

PLEASE TAKE NOTICE that on April 9, 2020, at 10:00 a.m. or as soon thereafter as this matter may be hear in Courtroom 6A of the above entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants County of Los Angeles, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp, and June Chung (collectively "County Defendants"), will and hereby do move to strike and dismiss *pro se* Plaintiff O.L.'s First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). The motion is made on the following grounds:

1. Plaintiff does not have standing to bring the asserted claims. *Linda R.S. v. Richard D*., 410 U.S. 614 (1973);

2. District attorney defendants Lacey, Cagney, Thorp, and Chung must be dismissed because they are entitled to absolute immunity and State sovereign immunity under the Eleventh Amendment. *Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997); *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008);

3. Peace officer defendants Villanueva, Jara, and Ruiz must be dismissed because they are entitled to qualified immunity. *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986 (9th Cir. 2011);

4. County Defendants are immune from Plaintiff's state law claims pursuant to the Government Code. Cal. Gov. Code §§ 820.2, 845, 846; and

5. The Fist Amended Complaint lacks the required factual allegations to sustain any of the asserted claims. The First Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, rule 12(b)(6).

For these reasons, the First Amended Complaint fails and should be dismissed in its entirety without leave to amend.

///

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

**NOTICE OF MOTION TO DISMISS FAC**

This Motion was previously filed with Judge R. Gary Klausner on March 5, 2020. On March 6, 2020, Judge Klausner's clerk informed County Defendants the Motion is to be heard by Magistrate Judge John D. Early. The Notice of Motion has been amended to reflect a hearing in front of Magistrate Judge John D. Early.

**This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 26, 2020**. Counsel for Defendants conferred pursuant to Local Rule 7-3 regarding the subject of this motion with O.L. but the parties could not informally resolve these issues.

This Motion is made and based upon this Amended Notice, the attached Memorandum of Points and Authorities, the documents and pleadings on file with this Court, and any other matters on which the Court may take Judicial Notice, and the arguments of counsel at the hearing on this Motion.

DATED: March 6, 2020          COLLINS COLLINS MUIR + STEWART LLP


By: _____
          AMANDA G. PAPAC
          ERIN R. DUNKERLY
          Attorneys for Defendants COUNTY OF
          LOS ANGELES, ALEX VILLANUEVA,
          LILIANA JARA, RICHARD RUIZ,
          JACKIE LACEY, PETER CAGNEY,
          KAREN THORP, AND JUNE CHUNG

**COLLINS COLLINS
MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .........................................................................................1

II.   AUTHORITY FOR MOTION TO DISMISS A PRO SE
      COMPLAINT...............................................................................................1

III.  O.L.'S FIRST AMENDED COMPLAINT SHOULD BE
      DISMISSED FOR LACK OF STANDING...................................................2

IV.   EACH OF O.L.'S CLAIMS MUST BE DISMISSED PURSUANT
      TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) .........................3

      A.    The FAC Does Not Set Forth a Basis for 1983 Liability Against
            County Defendants .................................................................................3

            1.    The FAC fails to state 1983 claims against individual County
                  Defendants Lacey, Cagney, Thorp, and Chung because they
                  are entitled to absolute immunity and such suits are barred
                  by the Eleventh Amendment ........................................................3

            2.    The FAC fails to state 1983 claims against individual County
                  Defendants Villanueva, Jara, and Ruiz because they are entitled
                  to qualified immunity...................................................................5

            3.    O.L.'s Equal Protection claim fails because she cannot show
                  that she was a member of a protected class, that she was treated
                  differently, or that County Defendants actions were motivated
                  by discriminatory animus...........................................................6

            4.    O.L. cannot establish an unlawful search claim under the
                  Fourth Amendment nor the California Construction because
                  the allegations in the FAC establish no unlawful search
                  occurred......................................................................................8

            5.    O.L. fails to allege facially plausible facts of a Monell violation

**COLLINS COLLINS**
**MUIR + STEWART**LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

*File # 22240*

iv

**NOTICE OF MOTION TO DISMISS FAC**

1                 for her Fourth and Fifth causes of action ...................................... 8

2             6.    O.L. failed to plead facts sufficient to suggest that defendants

3                   Villanueva or Lacey participated in any of the alleged

4                   conduct ........................................................................................ 10

5     B.    The First Amended Complaint Does Not Set Forth a Basis for

6           1985 Liability Against Defendants.......................................................... 10

7     C.    O.L. Has Not Alleges She Was Subject to Discrimination Under a

8           Federally Funded Program to Establish a Safe Streets Act

9           Violation ............................................................................................. 12

10    D.    The First Amended Complaint Fails to State Facts Sufficient to

11          Establish the State Law Claims .......................................................... 12

12          1.    The Government Code provides County Defendants with

13               immunity from O.L.'s state law claims ...................................... 12

14          2.    O.L. has failed to allege an invasion of her privacy .................. 13

15          3.    O.L. cannot maintain a claim for violation of the Victim's Bill

16               of Rights because no one has been convicted of a crime........... 14

17          4.    O.L. has failed to demonstrate extreme and outrageous conduct

18               to establish an intentional infliction of emotional distress

19               claim........................................................................................ 14

20          5.    O.L. has failed to allege she is a member of a protected class

21               under the Unruh Act.................................................................. 15

22           6.    The FAC does not contain an allegation of threat of violence

23               to establish a claim for violation of the Bane Act...................... 16

24           7.    O.L. fails to allege sufficient facts to constitute a claim for

25               conversion ............................................................................... 16

26   V.    CONCLUSION .......................................................................................... 17

27

28

COLLINS COLLINS<br>MUIR + STEWART LLP<br>1100 El Centro Street<br>So. Pasadena, CA 91030<br>Phone (626) 243-1100<br>Fax (626) 243-1111

*File # 22240*

**NOTICE OF MOTION TO DISMISS FAC**

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**                                                    **PAGE(S)**

3

*Ashcroft v. Iqbal*,

4
    556 U.S. 662 (2009) ................................................................. 1, 6

5

*Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*,

6
    648 F.3d 986 (9th Cir. 2011) ...................................................... 5

7

*Balistreri v. Pacifica Police Dep't*,

8
    901 F.2d 696 (9th Cir. 1988) ...................................................... 1

9

*Bass v. City of Fremont*,
    2013 WL 891090 (N.D. Cal. Mar. 8, 2013) ........................... 15

10

11

*Beck v. Prupis*,
    529 U.S. 494 (U.S. 2000) ....................................................... 11

12

*Bell Atlantic Corp. v. Twombly*,

13
    550 U.S. 544 (2007) ................................................................ 1, 7

14

*Bingham v. City of Manhattan Beach*,

15
    341 F.3d 939 (9th Cir.2003) ..................................................... 6

16

*Board of County Com'rs of Bryan County, Okl. v. Brown*,

17
    520 U.S. 397 (1997) ................................................................ 9

18

*Boarman v. Cty. of Sacramento*,
    2013 WL 3894167 (E.D. Cal. July 26, 2013) ........................ 15

19

20

*Bretz v. Kelman*,
    773 F.2d 1026 (9th Cir.1985) (en banc) ................................. 2

21

22

*Chambers v. Omaha Girls Club*,
    629 F. Supp. 925 (1986, DC Neb) ......................................... 11

23

*Christian Gospel Church v. San Francisco*,

24
    896 F.2d 1231 (9th Cir.1990) ................................................. 6

25

*City of Los Angeles v. Heller*,

26
    475 U.S. 796 (1986) ............................................................... 10

27

*Cline v. Reetz-Laiolo*,

28
    329 F. Supp. 3d 1000 (N.D. Cal. 2018) ................................. 14

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

*File # 22240*

**NOTICE OF MOTION TO DISMISS FAC**

*Del Campo v. Kennedy*,
   517 F.3d 1070 (9th Cir. 2008) .................................................................................. 4

*Doe v. City of San Mateo*,
   2008 WL 4774931 (N.D. Cal. Oct. 29, 2008) ................................................. 6

*Engquist v. Ore. Dep't of Agric.*,
   553 U.S. 591 (2008)................................................................................................ 6

*Florida v. Jimeno*,
   500 U.S. 248 (1991)................................................................................................ 8

*Fotinos v. Fotinos*,
   2013 WL 1195644 (N.D. Cal. March 22, 2013)................................................. 6, 7

*Garmon v. County of Los Angeles*,
   828 F. 3d 837 (9th Cir. 2016) ........................................................................... 4

*Gini v. Las Vegas Metro. Police Dept.*,
   40 F.3d 1041 (9th Cir.1994) .............................................................................. 15

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*,
   742 F.3d 414 (9th Cir. 2014) .......................................................................... 15

*Greenlaw v. Cty. of Santa Clara*,
   125 F. App'x 809 (9th Cir. 2005) .................................................................. 4

*Imbler v. Pachtman*,
   424 U.S. 409 (1976)................................................................................................ 4

*Ivey v. Bd. of Regents of Univ. of Alaska*,
   673 F.2d 266 (9th Cir. 1982) .......................................................................... 11

*Jones v. Williams*,
   297 F.3d 930 (9th Cir. 2002) .......................................................................... 10

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ............................................................................ 6

*Leonel v. Am. Airlines, Inc.*,
   400 F.3d 702 (9th Cir. 2005) .......................................................................... 13

*Linda R.S. v. Richard D.*,
   410 U.S. 614 (1973)................................................................................................ 2

*File # 22240*

**NOTICE OF MOTION TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*Long v. County of Los Angeles*,
    442 F.3d 1178 (9th Cir. 2006) ................................................................. 3

*Milstein v. Cooley*,
    257 F.3d 1004 (9th Cir. 2001) ................................................................. 3

*Monell v. Dep't of Soc. Servs. of City of New York*,
    436 U.S. 658 (1978) ................................................................. 8, 9, 10

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ................................................................. 2

*Olsen v. Idaho State Bd. of Medicine*,
    363 F.3d 916 (9th Cir. 2004) ................................................................. 11, 12

*Palmer v. Sanderson*,
    9 F.3d 1433 (9th Cir. 1993) ................................................................. 10

*Pierson v. Ray*,
    386 U.S. 547 (1967) ................................................................. 5

*Reese v. Jefferson Sch. Dist. No. 14J*,
    208 F.3d 736 (9th Cir. 2000) ................................................................. 6

*Resnick v. Hayes*,
    213 F.3d 443 (9th Cir. 2000) ................................................................. 2

*Roe v. City & Cty. of San Francisco*,
    109 F.3d 578 (9th Cir. 1997) ................................................................. 4

*U.S. v. Nance*,
    962 F.2d 860 (9th Cir. 1992) ................................................................. 12

*United States v. Richardson*,
    418 U.S. 166, 94 S. Ct. 2940 (1974) ................................................................. 2

*Weisbuch v. County of L.A.*,
    119 F.3d 778 (9th Cir. 1997) ................................................................. 10

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

*File # 22240*

**NOTICE OF MOTION TO DISMISS FAC**

**STATE CASES**

*Cty. of Los Angeles v. Superior Court*,
    181 Cal. App. 4th 218 (2009) ................................................................. 12

*Gates v. Superior Court*,
    32 Cal. App. 4th 481 (1995) ................................................................. 13

*Grenier v. Taylor*,
    234 Cal. App. 4th 47 (2015) ................................................................. 15

*Hughes v. Pair*,
    46 Cal. 4th 1035 (2009) ................................................................. 14

*King v. State of California*,
    242 Cal.App.4th 265 (2015) ................................................................. 16

*Kiseskey v. Carpenters' Tr. for So. California*,
    144 Cal. App. 3d 222 (Ct. App. 1983) ................................................................. 14

*Oakdale Village Group v. Fong*,
    43 Cal.App.4th 539 (1996) ................................................................. 16

*People v. Lai*,
    138 Cal. App. 4th 1227 (2006) ................................................................. 14

*Reece v. Alcoholic Bev. etc. Appeals Bd.*,
    64 Cal. App. 3d 675, 134 Cal. Rptr. 698 (Ct. App. 1976) ................................................................. 6

*Scruggs v. Haynes*,
    252 Cal. App. 2d 256 (Ct. App. 1967) ................................................................. 12

**FEDERAL STATUTES**

34 U.S.C.A. Section 10228 (c)(1) ................................................................. 12

42 U.S.C. 1983 ................................................................. *passim*

Federal Rules of Civil Procedure 12(b)(6) ................................................................. 1, 3, 17

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

**NOTICE OF MOTION TO DISMISS FAC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATE STATUTES**

Cal. Civ. Code § 51(b) ................................................................................. 15

Cal. Gov. Code § 820.2 ............................................................................... 12

Cal. Gov. Code § 845 .................................................................................. 13

Cal. Gov. Code § 846 .................................................................................. 13

**COLLINS COLLINS**
**MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

*File # 22240*

x

**NOTICE OF MOTION TO DISMISS FAC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   <u>INTRODUCTION</u>

Plaintiff O.L., proceeding pro se under only her initials, asserts civil rights claims arising out of the investigation of an alleged sexual assault she reported to local authorities. Because there is no public entity liability for exercising prosecutorial discretion, her First Amended Complaint fails to allege facts sufficient to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). O.L. also fails to substantiate each of the alleged state law claims and violations of constitutional rights with meaningful facts demonstrating her entitlement to relief. Each of O.L.'s claims against County Defendants must be dismissed pursuant to Federal Rules of Civil Procedure section 12(b)(6) due to standing, applicable immunities, and failure to state claims upon which relief can be granted.

## II.   <u>AUTHORITY FOR MOTION TO DISMISS A PRO SE COMPLAINT</u>

Dismissal of a complaint under Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief can be granted is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). More specifically, the complaint must assert more than "naked assertions," "labels and conclusions," or simply a "formulaic recitation of the elements of a cause of action." *Id.* at 555–557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate her claims have facial plausibility. *Bell Atlantic Corp*, *supra*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "[F]or a complaint to survive a motion

**COLLINS COLLINS**
**MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Where, as here, a pro se plaintiff brings a civil rights claim, the Court has a duty to liberally construe the plaintiff's papers. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). If, however, the defects cannot be cured by amendment, then dismissal without leave to amend is proper. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that dismissal of pro se complaint was proper even if liberally construed because plaintiff had no cognizable claim and could not cure this defect).

## III.   O.L.'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING

O.L. lacks standing to bring her claims. To have standing to bring an action, a plaintiff must show that they have suffered a distinct and palpable injury; that the action being challenged is the cause in fact of the injury; and that the harm is redressable by adjudication. *United States v. Richardson*, 418 U.S. 166, 94 S. Ct. 2940 (1974). "The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution [citations omitted]. . . . [I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In *Linda R.S.*, the Court held that a woman had no standing to sue the state for its failure to prosecute the father of her children for failure to pay child support. *Id.* at 617. In doing so, the Court reasoned that the plaintiff failed to demonstrate that government inaction in prosecuting another person caused her a concrete injury. *Id.* at 618-619.

Here, O.L. has no cognizable constitutional claim against the County Defendants based on them having allegedly failed to investigate or prosecute her matter. Her interest in seeing her alleged assailant arrested and prosecuted does not confer standing in federal court. County Defendants have not caused O.L. any concrete

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

1   injury and this Court cannot redress her injury. This fact cannot be cured by

2   amendment. Therefore, dismissal of O.L.'s claims are therefore appropriate.

3   IV.   **EACH OF O.L.'S CLAIMS MUST BE DISMISSED PURSUANT TO**

4   **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

5        Not one of the fourteen claims asserted in the First Amended Complaint state

6   sufficient facts to entitle O.L. to relief. Dismissal of the entire complaint is therefore

7   warranted.

8        A.   **The FAC Does Not Set Forth a Basis for 1983 Liability Against**

9        **County Defendants**

10   O.L. alleges four claims against County Defendants under 42 U.S.C. section

11   1983 that do not state facts sufficient to state a claim. To state a claim under Section

12   1983, a plaintiff must allege two essential elements: (1) that a right secured by the

13   Constitution or laws of the United States was violated, and (2) that the alleged violation

14   was committed by a person acting under the color of state law. *Long v. County of Los*

15   *Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). With respect to County Defendants,

16   O.L. alleges a due process violation under 42 U.S.C. 1983 for equal protection,

17   unlawful search and seizure, and municipality violations for improper policies and

18   failure to train. As demonstrated below, O.L. fails to state facts sufficient to constitute

19   any of these claims.

20        1.   **The FAC fails to state 1983 claims against individual County**

21        **Defendants Lacey, Cagney, Thorp, and Chung because they**

22        **are entitled to absolute immunity and such suits are barred by**

23        **the Eleventh Amendment**

24   District attorney defendants Lacey, Cagney, Thorp, and Chung are absolutely

25   immune from O.L.'s section 1983 claims. Prosecutors have absolute immunity when

26   acting within the scope of their duties as an advocate for the state. *Milstein v. Cooley*,

27   257 F.3d 1004, 1008 (9th Cir. 2001). Absolute immunity is determined based on

28   "whether the acts complained of were within the scope of the prosecutorial function. .

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax     (626) 243-1111

*File # 22240*

3

1    . . ." *Garmon v. County of Los Angeles*, 828 F. 3d 837, 843 (9th Cir. 2016). Prosecutorial

2    immunity protects eligible government officials when they are acting pursuant to their

3    official role as advocate for the state performing functions "intimately associated with

4    the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430

5    (1976). The decision whether to prosecute is intimately associated with the judicial

6    phase of the criminal process. *Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 583

7    (9th Cir. 1997) ("Public policy considerations make an even stronger argument for

8    absolute immunity for failure to prosecute than for actual prosecution.").

9         Here, district attorney defendants Lacey, Cagney, Thorp, and Chung's decision

10   to not prosecute is one made within the scope of their prosecutorial roles. The decision

11   to forego prosecution is intimately associated with the judicial phase of the criminal

12   process and therefore within the purview of absolute immunity. O.L. cannot cure this

13   by amendment.

14         Furthermore, the Ninth Circuit has held that for purposes of sovereign-immunity

15   analysis, a California county district attorney is a State official, not a county official,

16   when performing prosecutorial functions. *Del Campo v. Kennedy*, 517 F.3d 1070, 1073

17   (9th Cir. 2008). The State of California has not waived sovereign immunity with regard

18   to this action or with regard to these types of claims brought in federal court.

19   Consequently, the claims against district attorney defendants Lacey, Cagney, Thorp,

20   and Chung in their official capacities, as claims against the State of California, are

21   barred by the State's sovereign immunity. *See ,e.g., Greenlaw v. Cty. of Santa Clara*,

22   125 F. App'x 809, 810 (9th Cir. 2005). Therefore, dismissal of the district attorney

23   defendants is proper.

24   ///

25   ///

26   ///

27   ///

28   ///

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

*File # 22240*

4

**MOTION TO DISMISS FAC**

## 2. The FAC fails to state 1983 claims against individual County Defendants Villanueva, Jara, and Ruiz because they are entitled to qualified immunity

The peace officer defendants are immune from liability regarding O.L.'s claims. In deciding whether to grant qualified immunity, a court must determine (a) whether the alleged facts make out a constitutional violation, and (b) whether the constitutional right at issue was clearly established at the time of the violation. *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 997 (9th Cir. 2011). A right is clearly established if it would be clear to a reasonable official that his conduct was unlawful. *Id*.

Here, O.L. has not alleged facts that demonstrate a constitutional violation. It is clear from the face of the FAC that peace officer defendants Jara and Ruiz lawfully conducted an investigation of O.L.'s complaints regarding the alleged sexual assault. Detective Jara and Lieutenant Ruiz determined there was lack of probable cause to arrest O.L.'s alleged attacker after interviewing O.L. and examining text messages between her and the alleged sexual assailant. (FAC, ¶¶60, 78.) Arrests without probable cause is a denial of due process, therefore, a peace officer's refusal to issue an arrest warrant without probable cause upholds constitutional rights rather than violates them. *Pierson v. Ray*, 386 U.S. 547 (1967). In this circumstance, Detective Jara concluding there was no probable cause to arrest the alleged sexual assaulter after investigation of the incident, it would be clear to a reasonable officer that they were upholding the Constitution rather than participating in unlawful conduct. Thus, the individual peace officer defendants are immune from liability.

///

///

///

///

///

File # 22240

**MOTION TO DISMISS FAC**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

**3.      O.L.'s Equal Protection claim fails because she cannot show that she was a member of a protected class, that she was treated differently, or that County Defendants actions were motivated by discriminatory animus**

O.L.'s Equal Protection claims under the United States Constitution and California Constitution against all defendants are without merit. *Reece v. Alcoholic Bev. etc. Appeals Bd.*, 64 Cal. App. 3d 675, 134 Cal. Rptr. 698 (Ct. App. 1976) (the equal protection standards under the State and Federal Constitutions are substantially the same). To state a claim for an Equal Protection violation, a plaintiff must allege (1) discrimination on account of his or her membership in a distinct group or class (2) by the State. *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 607 (2008). Moreover, the plaintiff must allege the state actor acted with an intent or purpose to discriminate against him or her based upon his or her membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). A plaintiff must show at least "two classifications of persons who are treated differently under the law." *Christian Gospel Church v. San Francisco*, 896 F.2d 1231, 1226 (9th Cir.1990). She also must show discriminatory animus. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948-49 (9th Cir.2003). The mere allegation that a plaintiff belongs to a protected class is insufficient to withstand dismissal of an equal protection claim. *Iqbal,* 129 S.Ct. 1937.

Here, O.L. has not demonstrated that she is a member of a protected class. *Doe v. City of San Mateo*, No. C07-05596SI, 2008 WL 4774931, at *5 (N.D. Cal. Oct. 29, 2008) (plaintiff cannot claim an equal protection claim based on her status as a rape victim because it is not a protected class); See *Fotinos v. Fotinos*, 2013 WL 1195644, at *4 (N.D. Cal. March 22, 2013) (alleged victims of domestic violence are not recognized as a protected class for constitutional analysis).

///

///

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

6

**MOTION TO DISMISS FAC**

Moreover, O.L. has not pleaded facts sufficient to support a conclusion that she was discriminated against. O.L. alleges County Defendants discriminated against her by "treating her differently based upon illegitimate stereotypes and archaic notions of sexual assault," (FAC, ¶ 127.) and "acted with discriminatory intent in discounting, invalidating, and dismissing her allegation." (*Id.*) She further alleges that Defendants telling O.L. "it was not a rape before any investigation, interrogating [O.L.], unreasonably searching and seizing [O.L.'s] private data, and blaming [O.L.] . . . permit the inference that [O.L.'s] case was treated differently." (FAC, ¶ 128.) These allegations are conclusions of law unsupported by the factual pleading. Accordingly, the Court should disregard them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

O.L.'s admissions in the FAC invalidate each of her claims regarding violations of her equal protection rights. First, O.L. states that County Defendants conducted an "interrogation" asking her questions to determine the factual circumstances surrounding the alleged sexual assault (FAC, ¶128.). Her description of the event shows a professional inquiry by County Defendants to determine the details of the alleged crime—not an "interrogation" in the derogatory sense of the word. Second, County Defendants determined there was a lack of probable cause after listening to O.L.'s description of the events and reading text messages between O.L. and her alleged-assailant, which O.L. admits she gave the officers consent to do. (FAC, ¶ 59-60.) County Defendants are well within their discretion to conclude that an arrest is not proper based on a person's allegations. O.L. has not alleged that County Defendants expressed any sexual-assault-victim animus in their comments or statement to O.L., nor does she provide the necessary factual detail regarding her allegation that other similarly situated citizens were treated differently than she was. Mere conclusory allegations are not sufficient to withstand a motion to dismiss. Thus, O.L.'s equal protection claim should be dismissed.

///

///

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

7

**MOTION TO DISMISS FAC**

4.    **O.L. cannot establish an unlawful search claim under the Fourth Amendment nor the California Construction because the allegations in the FAC establish no unlawful search occurred**

O.L. alleges she was subject to an unlawful search under the Fourth Amendment. She states that while she consented to a search of the text messages between her and her alleged assailant, the search conducted by Detective Jara exceeded her consent and infringed her constitutional rights. The scope of consent is determined by asking "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).

Here, O.L. admits she consented to County Defendants taking her phone to further investigate her report of a rape. (FAC, ¶ 61.) The "unlawful" aspect of that search is stated in the vaguest of terms: "[O.L.] handed over her cell phone solely for Jara to download conversations with Suarez and Jara was aware of that. Jara didn't inform [O.L.] that she would do something else on [O.L.'s] cell phone." (FAC, ¶ 137.) What that "something else" was has not been alleged. The complaint provides no additional insight into the "unlawfulness" of Jara's actions beyond the conclusory, speculative and entirely ambiguous allegation that Jara did "something else" with the cell phone. The elements of a Fourth Amendment violation have not been alleged with sufficient detail to put the defendants on notice of the contours of the claim. The search and seizure cause of action fails and is properly dismissed.

5.    **O.L. fails to allege facially plausible facts of a *Monell* violation for her Fourth and Fifth causes of action**

O.L. fails to state facts that her purported constitutional injuries were caused by official acts, policies, or practices of the County. Public entities only bear section 1983 liability for acts that "may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To state a *Monell* claim

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

File # 22240

8

**MOTION TO DISMISS FAC**

against County under Section 1983, a plaintiff must plead facts sufficient to show that County caused a constitutional violation by way of "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 691. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694.

O.L.'s *Monell* allegations boil down to bare conclusory recitals of allegedly violative policies:

- Employing and retaining employees who discriminate (FAC, ¶ 158(a).),
- Inadequate training (FAC, ¶ 158(b).),
- Failure to investigate (FAC, ¶ 158(c).),
- Under-policing and favoritism towards rapist (FAC, ¶ 158(d).),
- Encouraging discrimination (FAC, ¶ 158(e).), and
- Failure to train (FAC, ¶ 164-171.)

O.L.'s claims relative to these alleged policies and training are not supported by the factual allegations. A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to state a plausible claim of deliberate indifference for purposes of failure to train. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409 (1997). O.L.'s FAC does not provide a factual basis for any violative policy. O.L. rests her *Monell* claims on the premise that the alleged conduct of certain peace officers based on one incident gives rise to the inference that those peace officers were acting pursuant to a policy, custom, or practice or were improperly trained. O.L.'s speculative and conclusory allegations do not establish a valid claim. Similarly, there are no facts pleaded to suggest that County or any of its officials condoned or ratified any of the conduct O.L. alleges. Furthermore, the underlying conduct related to O.L.'s *Monell* claims does not amount to a constitutional violation. A plaintiff cannot maintain a *Monell* claim where there has been no constitutional

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

*File # 22240*

9

**MOTION TO DISMISS FAC**

violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 800(1986). As such, there is simply no facial plausibility to O.L.'s *Monell* allegations.

**6.** **O.L. failed to plead facts sufficient to suggest that defendants Villanueva or Lacey participated in any of the alleged conduct**

By suing Sheriff Alex Villanueva or District Attorney Jackie Lacey, O.L. is asserting that defendants Villanueva and Lacey caused or participated in conduct violating her federal rights. The Ninth Circuit requires a showing of personal participation in the alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There are no facts alleged supporting the inference that defendants Villanueva or Lacey personally participated in the events O.L. alleges. Because there are no allegations that either personally participated in the acts giving rise to the lawsuit, the claims against Lacey and Villanueva should be dismissed. *See Weisbuch v. County of L.A.*, 119 F.3d 778 (9th Cir. 1997); *Palmer v. Sanderson*, 9 F.3d 1433 (9th Cir. 1993).

O.L. alleges no facts to suggest that Sheriff Alex Villanueva or District Attorney Jackie Lacey condoned, encouraged, fostered, ratified, or participated in the conduct O.L. complains of. Naked assertions are insufficient to support a Section 1983 claim against Sheriff Alex Villanueva or District Attorney Jackie Lacey because they did not personally participate in the alleged conduct. The defendants cannot be held liable simply because they are the Sheriff or District Attorney and one of their employees allegedly did something wrong. For this additional reason, the motion should be granted.

**B.** **The First Amended Complaint Does Not Set Forth a Basis for 1985 Liability Against Defendants**

To establish the requisite conspiracy to deny civil rights under Section 1985, a plaintiff must plead facts supporting four elements: "(1) that the defendant(s) had an agreement with at least one other person and participated or caused something to be done in furtherance of the agreement; (2) that the agreement was to deprive the plaintiff

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

of a protected right; (3) that the defendant(s) were motivated by a dislike or hateful attitude toward a specific class of people and that the plaintiff was a member of that class; and (4) that the conspiracy caused deprivation or injury to the plaintiff." *Chambers v. Omaha Girls Club*, 629 F. Supp. 925, 935 (1986, DC Neb), citing *Griffin v. Breckenridge*, 403 U.S. 88, 103-104 (1971). But, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Civil conspiracy must be coupled with the commission of acts depriving plaintiffs of equal protection of law and such acts must have damaged the Plaintiffs. *Beck v. Prupis*, 529 U.S. 494, 503 (U.S. 2000). Furthermore, "[t]o state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004). The court upheld the dismissal of the plaintiff's claims in *Olsen* because the plaintiff's complaint was devoid of any discussion of an agreement amongst the defendants to violate her constitutional rights. *Id*. at 929-930.

Here, O.L.'s complaint is like that of the plaintiff's complaint in *Olsen*. It is devoid of any discussion of an agreement amongst the County Defendants to violate her constitutional rights. Her conspiracy claim is premised on the actions of two unconnected and independent officers' judgment calls determining that her allegations were insufficient to state the criminal offense of rape. (FAC, ¶ 150-151.) O.L. contends that because the various and unconnected individual defendants concluded that no sexual assault had occurred, that it somehow "permit[ed] the inference … [of a] meeting of the minds" to violate Plaintiff's constitutional rights. (Complaint, ¶ 153.) The more logical inference is that two unconnected law enforcement entities and the Los Angeles District Attorney's Office did not believe that there was probable cause to issue a warrant to arrest O.L.'s alleged assailant.

///

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

File # 22240

**MOTION TO DISMISS FAC**

Furthermore, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen, supra*, 363 F.3d 916, 930. For the reasons discussed above, O.L.'s FAC does not state a cognizable claim under Section 1983. Therefore, dismissal is proper for O.L.'s conspiracy claim.

### C.   O.L. Has Not Alleged She Was Subject to Discrimination Under a Federally Funded Program to Establish a Safe Streets Act Violation

O.L. failed to allege the essential element that she was subjected to discrimination under a program or activity which received federal funds. *See* 34 U.S.C.A. Section 10228, subd. (c)(1). Nowhere in the complaint is there an allegation that the County Defendants received federal funding or federal financial assistance in any program or activity involving O.L. Without such allegations, she has not stated a claim upon which relief can be granted, and dismissal is required.

### D.   The First Amended Complaint Fails to State Facts Sufficient to Establish the State Law Claims

#### 1.   The Government Code provides County Defendants with immunity from O.L.'s state law claims

O.L.'s state law claims against County Defendants are subject to Government Code immunities. Section 820.2 provides in relevant part that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2. O.L.'s claims are based on the County Defendants' discretionary acts and omissions in regards to her report of an alleged sexual assault. County Defendants' decisions to not arrest, further investigate, and prosecute are all acts and omissions that are subject to their discretion. *U.S. v. Nance*, 962 F.2d 860 (9th Cir. 1992) (prosecutorial decisions on whether to charge and what to charge are almost completely discretionary); *see Cty. of Los Angeles v. Superior Court*, 181 Cal. App. 4th 218, 232 (2009) (Government Code section 820.2 applies to prosecutorial decisions on whether to prosecute); *Scruggs v. Haynes*, 252 Cal. App. 2d

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

256, 266 (Ct. App. 1967) (officer has discretionary immunity against a third party's claim for his failure to arrest an offender).

Government Code section 845 provides that neither a peace officer, nor a public entity, may be held liable for failure to provide protection services or failure to provide sufficient police protection service and Government Code section 846 provides, "[n]either a public entity nor a public employee is liable for injury caused by the failure to make an arrest. . . ." *Gates v. Superior Court*, 32 Cal. App. 4th 481 (1995) (government tort immunity applied where plaintiff alleged minority communities were deprived of adequate protection). Even if County Defendants allocated more resources to murder or burglary crimes as O.L. alleges (FAC, ¶ 46.), their decision would still be within the scope of the immunity provided by Government Code sections 845 and 846.

Thus, O.L.'s state law claims are subject to Government Code immunities and are not actionable.

### 2.   O.L. has failed to allege an invasion of her privacy

To state a claim under the California constitutional right to privacy, a plaintiff must first demonstrate three elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. *Leonel v. Am. Airlines, Inc*., 400 F.3d 702 (9th Cir. 2005). As demonstrated above, O.L.'s claims are solely premised on the naked assertion that Defendants did "something else" with her cell phone. This is a speculative and conclusory allegation. As such, O.L. cannot maintain a claim for invasion of her privacy.

///

///

///

///

///

///

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

13

**MOTION TO DISMISS FAC**

### 3. O.L. cannot maintain a claim for violation of the Victim's Bill of Rights because no one has been convicted of a crime

The California Constitution requires that every crime victim who suffers a loss shall have the right to restitution from those convicted of the crime giving rise to that loss. *People v. Lai*, 138 Cal. App. 4th 1227, 42 Cal. Rptr. 3d 444 (2006). O.L. has not alleged facts that anyone has been convicted of a crime against her. The gravamen of O.L.'s entire suit is her discontent with the non-arrest and therefore non-conviction of her alleged assailant. Thus, she is not entitled to restitution, let alone from County Defendants.

### 4. O.L. has failed to demonstrate extreme and outrageous conduct to establish an intentional infliction of emotional distress claim

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must plausibly allege: (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress, (2) suffering of severe or extreme emotional distress by plaintiff, and (3) plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct. *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000 (N.D. Cal. 2018). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' "*Hughes v. Pair*, 46 Cal. 4th 1035, 209 P.3d 963 (2009).

Here, O.L.'s complaint is devoid of facts suggesting that the decision not to arrest or prosecute O.L.'s alleged assailant rises to the level of extreme and outrageous conduct. The conduct complained of wholly falls short of the conduct that courts have found to be outrageous. *See Kiseskey v. Carpenters' Tr. for So. California*, 144 Cal. App. 3d 222 (Ct. App. 1983) (threats against union member and his family if he did not sign union agreement found outrageous); *Hughes v. Pair*, 46 Cal. 4th 1035 (2009)

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

(sexual harassment found extreme and outrageous); *Grenier v. Taylor*, 234 Cal. App. 4th 47 (2015) (creating a blog that falsely accused pastor of child molestation is extreme or outrageous).

Defendants had no obligation to conduct their investigation as O.L. deemed fit or come to a conclusion that O.L. deemed as the correct one. *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir.1994) (peace officers do not have an affirmative duty to investigate crimes in a particular manner or to protect one citizen from another). O.L.'s complaint contends that officers and district attorneys should be held civilly liable for emotional distress because they disagreed with O.L.'s assessment of the incident between her and her alleged assailant. This is not outrageous conduct and County Defendants acted properly within their discretion.

Thus, O.L. has not pleaded facts to establish a claim for intentional infliction of emotional distress.

### 5. O.L. has failed to allege she is a member of a protected class under the Unruh Act

To allege an Unruh Act violation, a plaintiff must plead intentional discrimination on the basis of sex, race, color, religion, ancestry, disability, etc. *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014); Cal. Civ. Code § 51, subd. (b).

While gender is a protected classification, being a victim of crime is not. Additionally, O.L. has failed to demonstrate an intentional discrimination against a class of victims on the basis of gender. Her speculation that a protected status is a motivating factor in a defendant's action is not sufficient to establish intentional discrimination. *Boarman v. Cty. of Sacramento*, 2013 WL 3894167, at *2 (E.D. Cal. July 26, 2013), citing to *Bass v. City of Fremont*, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013).

///

///

*File # 22240*

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

15

**MOTION TO DISMISS FAC**

The Unruh Act cause of action fails to state a claim on which relief can be granted.

### 6.    The FAC does not contain an allegation of threat of violence to establish a claim for violation of the Bane Act

There are no allegations that defendants exerted force or used the threat of force against the Plaintiff. "The Bane Act permits an individual to pursue a civil action for damages where another person interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." *King v. State of California*, 242 Cal.App.4th 265, 294 (2015), internal citation omitted. O.L.'s complaint does not contain a single allegation of an act of threating, intimidating, or coercive behavior by any of the County Defendants. A defendant telling O.L. that they were not going to arrest her alleged assailant does not amount to coercive behavior. No Bane Act violation has been stated.

### 7.    O.L. fails to allege sufficient facts to constitute a claim for conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543–544 (1996). Here, O.L. admitted that she consented to Defendants taking her cell phone to review text messages in an effort to promote investigatory efforts into her alleged sexual assault. This is not a wrongful act or disposition of her property rights. She admits that phone was returned to her and she has not alleged that she has sustained any actual damages. Thus, O.L.'s claim for conversion should be dismissed.

///

File # 22240

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

16

**MOTION TO DISMISS FAC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.    CONCLUSION**

The First Amended Complaint does not state claims on which relief can be granted. Her alleged injuries arise from lawful acts performed by public employees in the course of their duties and in the exercise of discretion. The law provides specific immunities for those acts. County Defendants respectfully request this Court grant this motion to dismiss O.L.'s entire First Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) without leave to amend.

DATED: March 6, 2020                    COLLINS COLLINS MUIR + STEWART LLP


By: _____
        AMANDA G. PAPAC
        ERIN R. DUNKERLY
        Attorneys for Defendants COUNTY OF
        LOS ANGELES, ALEX VILLANUEVA,
        LILIANA JARA, RICHARD RUIZ,
        JACKIE LACEY, PETER CAGNEY,
        KAREN THORP, AND JUNE CHUNG

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

*File # 22240*

17

**MOTION TO DISMISS FAC**