FILED

2020 MAR -5  PM 2: 12

1    O.L.
     11151 Valley Blvd #4886,
2    El Monte, CA 91734
     626-208-9665
3

4
     O.L.
5    Plaintiff in Pro Per

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   O.L.,                              No.   2:20-cv-00797-RGK-JDE

12              Plaintiff,
                                        **MEMORANDUM OF POINTS AND**
13        vs.                           **AUTHORITIES IN SUPPORT OF**
                                        **PLAINTIFF'S MOTION FOR PRELIMINARY**
14   CITY OF EL MONTE; COUNTY OF        **INJUNCTION**
     LOS ANGELES; DAVID REYNOSO;
15   MARTHA TATE; MICHAEL
     BUCKHANNON; ALEX VILLANUEVA;
16   LILIANA JARA; RICHARD RUIZ;
     JACKIE LACEY; PETER CAGNEY;
17   KAREN THORP; JUNE CHUNG; and
     DOES 1 - 10, inclusive,
18

19              Defendants.

20

21                         Statement of the Case

22        1.  On Feb 3, 2020 Plaintiff filed her First Amended Complaint for Damages and Declaratory and

23   Injunctive Relief, alleging that Defendants violated Plaintiff's right to be free from unreasonable

24   search and seizure under the Fourth Amendment.

25        2.  Plaintiff seeks a preliminary injunction enjoining Defendants, and each of them, and their

26

27   employees, agents, and persons acting with Defendants, from reading, exploring, using, copying,

28

                                        1
     MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
                         PRELIMINARY INJUNCTION

transferring, distributing, disclosing, or releasing Plaintiff's electronic data (including but not limited to photos, videos, app data, messages, emails, google search content etc.) other than her message conversations with Carlos Suarez (aka Charlie Suarez).

3.  The Federal Rules of Civil Procedure provide for the issuance of a preliminary injunction under the circumstances present here.

4.  In support of this motion, Plaintiff submits a Memorandum of Law, together with supporting exhibits and declarations, addressing all necessary elements for the entry of a preliminary injunction.

5.  Plaintiff seeks leave to present oral argument in support of this Motion pursuant to Local Civil Rule 65.1(b).

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Case                                                                 Page(s)

Alliance for the Wild Rockies v. Cottrell,

    632 F.3d 1127 (9th Cir. 2011) ................................................................. 9

Am. Libraries Ass'n v. Pataki,

    969 F.Supp. 160 (S.D.N.Y.1997) ........................................................... 9

Am. Trucking Ass'ns, Inc. v. City of Los Angeles,

    559 F.3d 1046 (9th Cir. 2009) ................................................................. 7

Chalk v. U.S. Dist. Ct. (Orange Cty. Superin. of Schs.),

    840 F.2d 701 (9th Cir. 1998) ................................................................... 7

Elrod v. Burns,

    427 U.S. 347 (1976) ................................................................................ 8

Honig v. United States,

    208 F.2d 916, 919 (8th Cir. 1953) .......................................................... 6

Katz v. United States,

    389 U.S. 347 (1967) ................................................................................ 5

Klein v. City of San Clemente,

    584 F.3d 1196 (9th Cir. 2009) ................................................................. 9

Melendres v. Arpaio,

    695 F.3d 990 (9th Cir. 2012) ................................................................... 8

Monterey Mech. Co. v. Wilson,

    125 F.3d 702 (9th Cir. 1997) ................................................................... 8

3

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

Preminger v. Principi,

    422 F.3d 815 (9th Cir. 2005) ........................................................................ 9

Rocky Mountain Farmers Union v. Corey,

    730 F.3d 1070 (9th Cir. 2013) .................................................................... 9

Rocky Mountain Farmers Union v. Goldstene,

    843 F. Supp. 2d 1071 (E.D. Cal. 2011) ...................................................... 9

Rodde v. Bonta,

    357 F.3d 988 (9th Cir. 2004) ..................................................................... 10

Rodriguez v. Robbins,

    715 F.3d 1127 (9th Cir. 2013) .................................................................... 9

Valle del Sol Inc. v. Whiting,

    732 F.3d 1006 (9th Cir. 2013) .................................................................... 9

Vaughn v. Baldwin,

    950 F.2d 331, 333-34 (6thCir. 1991)............................................................ 8

Winter v. Nat. Res. Def. Council, Inc.,

    55 U.S. 7 (2008) ......................................................................................... 7

United States v. Dichiarinte,

    445 F.2d 126 (7th Cir. 1971) ...................................................................... 6

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

**INTRODUCTION**

On or about July 2, 2019 Plaintiff, as a rape victim, met with Detective Liliana Jara ("Jara") at City of Industry station. During the interview Plaintiff showed Jara nothing else but her message conversations with Carlos Suarez (aka Charlie Suarez, hereinafter "Suarez"). Jara announced the need to download those messages from Plaintiff's smartphone and Plaintiff asked how long it would take. Jara replied that it would take about a couple of weeks. Jara had full knowledge of Plaintiff's only reason to hand over her smartphone was to download her messages with Suarez. Plaintiff did not expect anything else would happen to her smartphone. Plaintiff did not grant consent to search her phone to Jara or anyone else. Jara did not inform Plaintiff she would do something else other than download Plaintiff's messages with Suarez. Regardless of repeated request for the return of her smartphone Plaintiff did not get her phone back until four months later.

**FACTUAL BACKGROUND**

I.  THE RIGHT OF PRIVACY

The Legislature declares that the right to privacy is a personal and fundamental right protected by Section 1 of Article I of the Constitution of California and by the United States Constitution and that all individuals have a right of privacy in information pertaining to them.

II. THE EXPECTATION OF PRIVACY

A "search" occurs for purposes of the Fourth Amendment when the Government violates a person's "reasonable expectation of privacy." In Katz v. United States, 389 U.S. 347 (1967) Justice Harlan issued a concurring opinion articulating the two-prong test later adopted by the U.S. Supreme

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

Court as the test for determining whether a police or government search is subject to the limitations of the Fourth Amendment:

- Governmental action must contravene an individual's actual, subjective expectation of privacy;

- Expectation of privacy is one that society is prepared to recognize as reasonable.

If both of these requirements have been met, and the government has taken an action which violates this "expectation," then the government's action has violated the individual's Fourth Amendment rights.

III.     CONSENT TO SEARCH

A valid consent authorizes a search, but for the search to be reasonable, law enforcement officials must limit the scope of their search to the authority given.

When officers receive consent to search for narcotics and then also search for and seize currency and exchange receipts, insurance policies, loan receipts, and certificates of title to real estate, the officers have misused the limited consent as a license to conduct a general exploratory search. Such unlawful action by government officers or agents raises the issue of the overall voluntariness of the actual consent. United States v. Dichiarinte, 445 F.2d 126 (7th Cir. 1971). A consent search is reasonable only if kept within the bounds of the actual consent. Honig v. United States, 208 F.2d 916, 919 (8th Cir. 1953).

A person giving consent to a search of her cell phone for the sole and express purpose of downloading particular conversations restricts the officers' search to only those conversations. There was no indication or legitimate reason that Jara desired to look for anything else other than Plaintiff's conversations with Suarez.

The 9th Circuit Court of Appeals stated "We think it is clearly improper for a government agent to gain access to records which would otherwise be unavailable to him by invoking the private individual's trust in his government, only to betray that trust." If Plaintiff had known her entire life would be searched she wouldn't have handed over her cell phone. She handed over her cell phone based on her trust in her government but later she found out she was betrayed and her cell phone was strip searched even though her private data was irrelevant to the crime in question.

Being a crime victim cannot be an occasion for law enforcement to do an unlimited search. If that opens up every crime victim's entire life to law enforcement, downloading and retaining forever everything on a crime victim's smartphone, will fundamentally have changed the nature of privacy that Americans fought for at the founding of the Republic and that we have enjoyed ever since. It will also deter crime victims to report crimes.

## LEGAL STANDARD

"The purpose of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits." Chalk v. U.S. Dist. Ct. (Orange Cty. Superin. of Schs.), 840 F.2d 701, 704 (9th Cir. 1998). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in favor of injunction; and (4) that an injunction is in the public interest. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Res. Def. Council, Inc., 55 U.S. 7, 20 (2008)).

## ARGUMENT

I.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

A. Plaintiff had reasonable expectation of privacy in all electronic data and information on her smartphone.

B. Plaintiff's authority to consent was apparent. Plaintiff's actual and valid consent was to download her messages with Suarez and Defendants were aware of that. When the limits of the consent are clearly given, either before or during the search, agents must respect these bounds. See Vaughn v. Baldwin, 950 F.2d 331, 333-34 (6thCir. 1991).

C. The abuse of Plaintiff's actual consent is a serious violation of Fourth Amendment. A warrantless and complete search of a crime victim's smartphone was not justified. By transforming downloading particular messages into a complete search and seizure Defendants violated Plaintiff's right to privacy.

D. Other than Plaintiff's messages with Suarez, all electronic data and information on her smartphone that Defendants have obtained and stored are illegal seizure.

II. THE REMAINING PRELIMINARY INJUNCTION FACTORS WARRANT RELIEF

A. Plaintiff Will Suffer Irreparable Harm if the Court Denies Relief

If this Court concludes that Plaintiff is likely to succeed on one or all of her alleged constitutional violations, the remaining preliminary injunction factors follow readily. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury'." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976); 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). The Ninth Circuit has imported the First Amendment "irreparable-if-only-for-a-minute" rule to other rights and, in doing so, has held deprivation of those rights is irreparable harm per se. Monterey Mech. Co. v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997). The

MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION

Fourth Amendment should be treated no differently. See McDonald, 561 U.S. at 780; see also Ezell, 651 F.3d at 700 (a deprivation of the right to arms is "irreparable and having no adequate remedy at law"). The same is true for California Constitution violations. See Rocky Mountain Farmers Union v. Goldstene, 843 F. Supp. 2d 1071 (E.D. Cal. 2011) (citing Am. Libraries Ass'n v. Pataki, 969 F.Supp. 160, 168 (S.D.N.Y.1997)), Rev'd on other grounds sub nom., Rocky Mountain Farmers Union v. Corey, 730 F.3d 1070 (9th Cir. 2013). The constitutional violations alone are enough to satisfy the irreparable harm factor, but the circumstances here make the irreparable harm unmistakable.

B. Granting a Preliminary Injunction Is in the Public Interest

For similar reasons, granting preliminary injunctive relief is clearly in the public interest. When challenging government action that affects the exercise of constitutional rights, "[t]he public interest . . . tip[s] sharply in favor of enjoining the" law. Klein v. City of San Clemente, 584 F.3d 1196, 1208 (9th Cir. 2009). Here, Plaintiff seeks to vindicate her fundamental Fourth Amendment rights, as well as her rights under California Constitution. As the Ninth Circuit has made clear, "all citizens have a stake in upholding the Constitution" and have "concerns [that] are implicated when a constitutional right has been violated." Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005). Thus, not only Plaintiff's rights are at stake. The public interest thus tips sharply in Plaintiff's favor. Klein, 584 F.3d at 1208. Moreover, the State has no plausible argument that enjoining misuse of Plaintiff's private data will unduly endanger public safety.

C. The Balance of Equities Tips Sharply in Plaintiff's Favor

Finally, this factor considers "the balance of hardships between the parties." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1137 (9th Cir. 2011). In contrast to Plaintiff's many injuries, Defendants will suffer no concrete harm from a preliminary injunction. Defendants "cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required to

1  avoid constitutional concerns." Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013); see Valle

2  del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be

3  equitable . . . to allow the state . . . to violate the requirements of federal law." (citations omitted)).

4  Even absent the constitutional dimension of this lawsuit, the balance of harms tips in Plaintiff's favor.

5
6      The balance of equities also favors litigants seeking only "to preserve, rather than alter, the status

7  quo while they litigate the merits of th[eir] action." Rodde v. Bonta, 357 F.3d 988, 999 n.14 (9th Cir.

8  2004). Granting the relief Plaintiff will merely prevent her private data from being misused, while the

9  case moves forward on the merits. This further "strengthens [Plaintiff's] position" in the analysis of

10  the equitable injunction factors. Id. On the other hand, granting an injunction will end the ongoing

11
12  violation of Plaintiff's rights, allowing her the freedom to exercise those rights without fear of further

13  harm.

14

15                                **CONCLUSION**

16      For all these reasons, the Court should grant Plaintiff's request for a preliminary injunction and

17
18  enter the attached, proposed order.

19

20  Dated: Mar 5, 2020

21  Respectfully submitted,

22

23

24

25                                                    _____
26                                                    Signature
                                                      O.L., In Pro Per
27

28

                                         10
**MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION**