UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | *O. L. v. City of El Monte, et al.* | | |

| Present: The Honorable | R. Gary Klausner, United States District Judge |
|---|---|

| Sharon L. Williams | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**        (In Chambers) Order Re: Plaintiff's Motion for Preliminary Injunction [ECF No. 43]

I.     **INTRODUCTION**

On January 27, 2020, Plaintiff O.L. ("Plaintiff"), proceeding pro se, filed a complaint alleging thirteen causes of action, including alleged civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On March 19, 2020, Plaintiff filed the operative Second Amended Complaint ("SAC") against the City of El Monte, the County of Los Angeles ("the County"), David Reynoso, Martha Tate, Michael Buckhannon, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp, June Chung, and Does 1-10 (collectively, "Defendants"). (ECF No. 40.)

This action arises from Defendants' handling of Plaintiff's report of sexual assault. Plaintiff seeks damages, declaratory relief, and a wide range of injunctive relief, including injunctions compelling the district attorney to file charges against the accused party, disbarring several of the attorneys involved, and instituting wide ranging reforms in the relevant police departments.

Plaintiff also alleges that Defendant police officers violated the scope of her consent to search her smartphone, which she provided to them on July 2, 2019. She contends that she did not grant consent to search the entire contents of her phone, but rather only to view the communications between herself and the accused perpetrator.

On January 27, 2020, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") seeking to prevent Defendants from viewing or in any way interacting with any of the material for which she has not granted consent pending the issuance of a preliminary injunction. On January 29, 2020, the Court denied that application. (ECF No. 10.) Plaintiff filed a second application for an *ex parte* TRO seeking the same relief on February 27, 2020. The Court denied the second application on March 2, 2020. (ECF No. 28.)

On March 5, 2020, Plaintiff filed a Motion for Preliminary Injunction seeking a Court order enjoining the County, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp, June Chung (collectively, "the County Defendants"), and Does 1-10 from viewing or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | ***O. L. v. City of El Monte, et al.*** | | |

in any way interacting with any of the material for which she has not granted consent. On March 20, 2020, the Magistrate Judge, without ruling on the substance of the request, noted that the Motion for Preliminary Injunction was effectively rendered moot by the filing of the SAC on March 19, 2020. (ECF No. 42.)

Presently before the Court is Plaintiff's second Motion for Preliminary Injunction seeking the same relief. (ECF No. 43.) The County Defendants filed an Opposition on April 9, 2020. (ECF No. 44.)[1] Plaintiff filed a Reply in support of the Motion on April 15, 2020. (ECF No. 46.)

For the following reasons, the Court **GRANTS** Plaintiff's Motion, in part.

## II.    JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). The moving party has the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter,* 555 U.S. at 20.

The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions. *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For example, a plaintiff may receive a preliminary injunction in situations where the likelihood of success is such that "serious questions going to the merits" were raised and the balance of hardships "tips sharply toward the plaintiff," provided that the plaintiff also can demonstrate the other two factors. *Id.* at 1131-32 (concluding that the "serious questions" test survived *Winter* when applied as part of the four-element *Winter* test). In all cases, a preliminary injunction can issue only if the plaintiff "establish[es] that irreparable harm is *likely,* not just possible." *Id.* at 1131 (citing *Winter,* 555 U.S. at 22).

/ / /

/ / /

---

[1] To the extent the County Defendants contend the Motion should be denied for failure to meet and confer, the Court declines to deny the Motion on this basis, finding that any further meet and confer efforts would have been futile in this instance. The parties are otherwise still required to comply with the Local Rules in connection with all future proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | *O. L. v. City of El Monte, et al.* | | |

### III. DISCUSSION

#### A. Evidentiary Objections

The County Defendants object to portions of Plaintiff's Declaration on various grounds. In ruling on evidentiary objections, the Court is mindful that Plaintiff is proceeding pro se. All objections based on Federal Rule of Evidence 403 are overruled. Objections 1, 3, 7, and 9-11 are overruled. Objections 2, 4 (as to "which was a direct result of LASD's illegal search and seizure" only), 5-6, 8, and 12 are sustained as the testimony contains improper opinion/argument and lacks foundation. Despite the foregoing rulings, the Court considers all of Plaintiff's legal arguments in the Motion.

#### B. Motion for Preliminary Injunction

Plaintiff moves for a preliminary injunction based on her claim that law enforcement officials conducted an unreasonable search of her smartphone in violation of her Fourth Amendment rights.

##### 1. *Likelihood of Success*

Plaintiff contends that she has a high likelihood of success on the merits that Defendants participated in a complete search and seizure of her smartphone exceeding the scope of her consent in violation of her Fourth Amendment rights. The County Defendants disagree.

Under the Fourth Amendment to the U.S. Constitution, individuals have the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, law enforcement officials must obtain a warrant before searching the contents of a phone. *Carpenter v. United States*, 585 U.S. --, 138 S. Ct. 2206, 2214 (2018); *Riley v. California*, 573 U.S. 373, 401 (2014).

Consent is a recognized exception to the Fourth Amendment protection against unreasonable searches and seizures. *United States v. Russell*, 664 F.3d 1279, 1281 (9th Cir. 2012). However, "[t]he existence of consent to a search is not lightly to be inferred" and the government always has the burden of proving effective consent. *United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir. 2000) (citation omitted). The scope of a consent search is limited by the terms of its authorization. *Walter v. United States*, 447 U.S. 649, 656 (1980). Under the Fourth Amendment, the standard for measuring the scope of an individual's consent is "that of 'objective' reasonableness— what would the typical reasonable person have understood by the exchange between the officer and the [person giving consent]?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991).

Plaintiff attests that Defendant Jara told her that Los Angeles County Sheriff's Department ("LASD") would need to download conversations between herself and the accused perpetrator as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | ***O. L. v. City of El Monte, et al.*** | | |

part of its investigation. She agreed to give LASD her smartphone for the limited purpose of downloading these messages only, which she was advised would take a couple of weeks. She attests that she did not consent to a search of her phone by Defendant Jara or anyone else and retained a reasonable expectation of privacy in anything else on her phone. Despite repeated requests for the return of her phone, LASD did not return her phone until three months later. After it was returned, Plaintiff noticed that a conversation with a female friend had been translated into English. Plaintiff also references a conversation with Defendant Ruiz in which he confronted her about a GoFundMe page that she had never mentioned to anyone. Plaintiff infers that Defendant Ruiz learned of this fundraising page through personal information on her smartphone.

The Court concludes that Plaintiff has presented sufficient circumstantial evidence to raise serious questions going to the merits of her Fourth Amendment claim. Her allegations, which raise a reasonable inference that a search was conducted exceeding the scope of her consent, have not been rebutted. The County Defendants have not presented any evidence demonstrating that she consented to a broader search of her smartphone or that the search was limited to conversations with the accused party. The County Defendants merely claim that Plaintiff's GoFundMe page "is accessible via the Internet and does not require any access from her cellular phone" (*see* Papac Decl. ¶ 3, ECF No. 44-2); they do not claim, however, that this is how Ruiz learned of the fundraising page or explain how he would have found it, given that the fundraising page was set up anonymously and references the accused party and police officers by the first initial in their last names only.

While the Court expresses no view whether Plaintiff will ultimately prevail on her Fourth Amendment claim, for the limited purpose of this Motion, Plaintiff has shown serious questions going to the merits of her Fourth Amendment violation.

2.  Likelihood of Irreparable Harm

In *Winter*, the Supreme Court held that plaintiffs seeking preliminary injunctions must "demonstrate that irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22. It stated that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

The County Defendants contend that Plaintiff has failed to show irreparable harm for two reasons: (1) her delay in seeking relief; and (2) she has not made a concrete and particularized showing that data outside her conversations with the accused party will be improperly accessed or misused by the County Defendants. (Opp. 5-6, ECF No. 44.)

A plaintiff's delay in seeking relief weighs against granting a preliminary injunction. *See Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | ***O. L. v. City of El Monte, et al.*** | | |

*Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."). However, this factor alone is not determinative as to whether a preliminary injunction should be issued. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (explaining that delay "is but a single factor to consider in evaluating irreparable injury; courts are 'loath to withhold relief solely on that ground'" (citation omitted)). As discussed above, Plaintiff did not know that a conversation with a friend had been translated on her smartphone without her consent until it was returned to her in October 2019. She filed this action three months later, along with a request for a TRO. She explains that during the intervening time, she was trying to retain an attorney and was suffering from mental health issues. Under the circumstances, the Court does not find that delay alone demonstrates a lack of irreparable harm, particularly, given the harm at issue.

"[A]n alleged constitutional infringement will often alone constitute irreparable harm." Monterey Mech. Co. v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997) (citation omitted). In the context of medical records, the Ninth Circuit has recognized that the retention of this private information, obtained in an unconstitutional and discriminatory manner, would constitute a continuing irreparable injury for purposes of equitable relief. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1275 (9th Cir. 1998) (involving allegations that testing was conducted for intimate medical conditions without plaintiffs' knowledge or consent). Here, as explained, the County Defendants have not rebutted Plaintiff's contentions that the search of her smartphone exceeded the scope of her consent in violation of her Fourth Amendment rights, raising serious questions as to whether the County Defendants are in possession of Plaintiff's private, personal information analogous to medical records, the unlawful retention of which constitutes a continuing irreparable injury for purposes of equitable relief. See Norman-Bloodsaw. The Court finds Plaintiff has adequately shown a likelihood of irreparable harm in the absence of the requested injunction.

3.   *Balance of Equities*

The balance of hardships weighs decidedly in Plaintiff's favor, as the County Defendants "cannot reasonably assert that [they are] harmed in any legally cognizable sense by being enjoined from constitutional violations" (*Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (as amended)), while Plaintiff seeks to prevent access to and the use of her private, personal information, the disclosure of which she maintains has caused anxiety, dissociation, depression, and suicidal thoughts.

The County Defendants provide virtually no explanation for their contention that Plaintiff's request for preliminary injunctive relief "would harm both County Defendants ability to perform necessary government functions and the public's interest." First, they claim that the proposed preliminary injunction is not specifically tailored because her proposed preliminary injunction "targets every single defendant," even though she alleges only two of them actually accessed her cell phone data. Second, the County Defendants assert the proposed injunction is burdensome because Plaintiff has not sued Defendants under her true name, which would require Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | ***O. L. v. City of El Monte, et al.*** | | |

from five separate entities to do a comprehensive search of their databases to ascertain who Plaintiff could be and whether they have any data regarding her or any of her aliases. (Opp. 7, ECF No. 44.)

The Court finds neither argument persuasive. Plaintiff's Motion encompasses only what is necessary to remedy the potential Fourth Amendment violation and provides an exception for the communications she previously authorized Defendant Jara to download. The Notice of Motion indicates Plaintiff is seeking a preliminary injunction against the County, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp, June Chung, and Does 1-10 only. (Notice of Motion for Preliminary Injunction, ECF No. 43; *see also* Reply 14, ECF No. 46.) Except for the Doe defendants,[2] her request is reasonably limited to those Defendants that would have reasonably had access to her personal data. Moreover, Defendants have sufficient information to enable them to ascertain the identity of Plaintiff. Plaintiff represents that she filed the police report under her true name, LASD performed the rape investigation with her true name, LASD shared the results with the Los Angeles County District Attorney's Office with her true name, and she filed an internal complaint and a government tort claim under her true name. (Reply 13, ECF No. 46.) The Court notes that the County Defendants offer no evidence in support of their claim of burdensomeness. In fact, the County Defendants do not even state whether they possess any information subject to the requested preliminary injunction.

The Court finds that the balance of hardships tips sharply in Plaintiff's favor. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (explaining that a party "cannot suffer harm from an injunction that merely ends an unlawful practice").

4. *Public Interest*

Finally, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted). The County Defendants present no argument to the contrary.

5. *Balancing the Elements*

In sum, Plaintiff has shown serious questions going toward the likelihood of success on the merits of her Fourth Amendment clam and a likelihood of irreparable harm. In addition, the balance of equities tips sharply in Plaintiff's favor, and the public interest favors injunctive relief. The Court therefore **GRANTS** Plaintiff's Motion for Preliminary Injunction.

---

[2] Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." As the Doe defendants have not been identified, let alone notified of this Motion, the Court finds that Plaintiff is not entitled to a preliminary injunction as to these defendants at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00797-RGK (JDE) | Date | May 22, 2020 |
|---|---|---|---|
| Title | *O. L. v. City of El Monte, et al.* | | |

### C. Bond Requirement

The County Defendants request that Plaintiff be ordered to give a security in an amount to pay the costs and damages sustained by any of the County Defendants found to be wrongfully restrained in the event her Motion is granted. (Opp. 8, ECF No. 44.)

Fed. R. Civ. P. 65(c) permits a court to grant preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, "Rule 65(c) invests the district court 'with discretion as to the amount of security required, *if any*.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citation omitted). In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

Here, the Court waives the bond requirement. The County Defendants have not shown any realistic likelihood of harm from being enjoined from accessing or using Plaintiff's personal data obtained from her smartphone.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 43) is **GRANTED** against the County Defendants; and
2. Absent further order of this Court, during the pendency of this action, the County, Alex Villanueva, Liliana Jara, Richard Ruiz, Jackie Lacey, Peter Cagney, Karen Thorp, June Chung and persons acting on their behalf shall not read, explore, use, copy, transfer, distribute, disclose, or release Plaintiff's electronic data from her smartphone, including, but not limited to, photographs, videos, app data, messages, emails, and search histories, other than her message conversations with Carlos Suarez, also knowns as Charlie Suarez.

**IT IS SO ORDERED.**