**OLIVAREZ MADRUGA LEMIEUX O'NEILL, LLP**
Terence J. Gallagher – SBN 192341
tgallagher@omlolaw.com
Colin E. Barr – SBN 165226
cbarr@omlolaw.com
500 South Grand Avenue – 12th Floor
Los Angeles, CA 90071
Tel: (213) 744-0099
Fax: (213) 744-0093

Attorneys for Defendants,
CITY OF EL MONTE, DAVID REYNOSO,
MARTHA TATE, AND MICHAEL BUCKHANNON

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.L., | ) Case No.: 2:20-CV-00797-RGK-JDE |
| | ) |
| Plaintiff, | ) Hon. John D. Early |
| | ) Courtroom 6A |
| vs. | ) |
| | ) **DEFENDANTS' REPLY TO MOTION** |
| CITY OF EL MONTE; COUNTY OF | ) **TO DISMISS PLAINTIFF'S SECOND** |
| LOS ANGELES; DAVID REYNOSO; | ) **AMENDED COMPLAINT** |
| MARTHA TATE; MICHAEL | ) **PURSUANT TO F.R.C.P.** |
| BUCKHANNON; ALEX | ) **12(b)(6)** |
| VILLANUEVA; LILIANA JARA; | ) |
| RICHARD RUIZ; JACKIE LACEY; | ) |
| PETER CAGNEY; KAREN THROP; | ) |
| JUNE CHUNG; and DOES1 through | ) Hearing Date:    June 25, 2020 |
| 10, inclusive | ) Time:           10:00 a.m. |
| | ) Ctrm:           6A |
| | ) |
| Defendants. | ) SAC Served: March 19, 2020 |

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

# TABLE OF CONTENTS

I.     THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
       IMMUNITY (FIRST, FOURTH & FIFTH CLAIMS) .........................................5

II.    PLAINTIFF FAILS TO PLEAD NECESSARY FACTS FOR CLAIM
       AGAINST CITY (FIRST, FOURTH & FIFTH CLAIMS) ................................6

III.   PLAINTIFF'S THIRD CLAIM FOR CONSPIRACY FAILS TO STATE A
       CLAIM UPON WHICH RELIEF MAY BE GRANTED...................................7

IV.    PLAINTIFF'S SEVENTH AND TENTH CLAIMS FOR VIOLATION OF
       THE CALIFORNIA CONSTITUTION FAIL TO STATE A CLAIM UPON
       WHICH RELIEF MAY BE GRANTED ............................................................8

V.     PLAINTIFF'S ELEVENTH CLAIM FOR INTENTIONAL INFLICTION
       OF EMOTIONAL DISTRSS FAILS TO STATE A CLAIM ............................9

VI.    PLAINTIFF'S TWELFTH CLAIM UNDER THE UNRUH ACT FAILS TO
       STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .................9

VII.   PLAINTIFF'S FOURTEENTH CLAIM FOR NEGLIGENT SUPERVISION
       FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE
       GRANTED .......................................................................................................10

VIII.  CONCLUSION.................................................................................................11

DEFENDANTS' REPLY ISO MOTION TO
DISMISS SAC

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)................................................................7, 9

*Bax v. Doctors Medical Center of Modesto, Inc.*
   393 F.Supp.3d 1000 (E.D. Cal. 2019) ..................................... 10

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .................................................................. 5

*Connick v. Thompson*
   563 U.S. 51 (2001) .................................................................... 6

*Dix v. County of Shasta*
   963 F.2d 1296 (9th Cir. 1992) ................................................. 8

*Dougherty v. City of Covina*
   654 F.3d 892 (9th Cir. 2011) ................................................... 6

*Estate of Macias v. Ihde*
   219 F.3d. 1018 (9th Cir. 2000) ................................................ 5

*Gomez v. Whitney*
   757 F.2d. 1005 (9th Cir. 1985) ................................................ 5

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*
   742 F.3d. 414 (9th Cir. 2014) ................................................. 10

*Home Quest Mortg. LLC v. American Family Mut. Ins. Co.*
   340 F.Supp.2d 1177 (D.Kan.2004)........................................... 8

*Koebke v. Bernardo Heights Country Club*
   36 Cal.4th 824 (2005) ............................................................ 10

*Larson by Larson v. Miller*
   76 F.3d 1446 (C.A.8 (Neb.) 1996)............................................ 7

*Monell v. Department of Social Services*
   436 U.S. 658 (1978) .................................................................. 7

*People v. Sidener*
   58 Cal.2d 645(1962) ................................................................. 8

*Reece v. Alcoholic Beverage Control Appeals Board*
   64 Cal.App.3d. 675 (1976) ....................................................... 8

*Tang v. State of R.I., Dept. of Elderly Affairs*
   904 F.Supp. 55 (D.R.I.1995) .................................................... 8

*Z.V. v. County of Riverside*
   238 Cal.App.4th 889 (2015) ................................................... 10

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

**State Cases**

*Crouch v. Trinity Christian Center of Santa Ana, Inc.*
(2019) 39 Cal.App.5th 995 ................................................................. 9
*Dix v. Superior Court*
(1991) 53 Cal.3d 442 ........................................................................ 8
*Hughes v. Pair*
(2009) 46 Cal.4th 1035 ..................................................................... 9
*Koebke v. Bernardo Heights Country Club*
(2005) 36 Cal.4th 824 ..................................................................... 10

**Federal Statutes**

42 U.S.C. § 1983 ........................................................................... 5, 7

**State Statutes**

Civil Code § 51 ............................................................................ 9, 10

**Federal Rules**

Federal Rules of Civil Procedure 12(b)(6) ........................................ 5
United States Constitution, 14th Amendment ................................... 8

**State Rules**

California Constitution, article 1, § 28 ............................................ 8
California Constitution, article 1, § 7 .............................................. 8

**DEFENDANTS' REPLY ISO MOTION TO
DISMISS SAC**

Defendants City of El Monte ("City"), David Reynoso, Martha Tate, and Michael Buckhannon ("Individual Defendants") submit this Reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), as follows:

## I.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY (FIRST, FOURTH & FIFTH CLAIMS)

No cause of action exists under 42 U.S.C. § 1983 against law enforcement officers for their conduct in inadequately investigating, or failing to investigate, alleged criminal conduct. (*Gomez v. Whitney*, 757 F.2d. 1005, 1005-1006 (9th Cir. 1985).) Plaintiff attempts to plead around this legal bar to her First, Fourth and Fifth Claims by arguing the Claims are based upon "a constitutional right to have police services administered in a nondiscriminatory manner." (Opposition, 13:2-5.) Plaintiff concedes this constitutional right is violated only if "the government intentionally treats someone differently from another who is similarly situated." (SAC, 32:12-14; *Estate of Macias v. Ihde*, 219 F.3d. 1018, 1028 (9th Cir. 2000).) Plaintiff cannot meet this burden.

Plaintiff alleges she meets the "similarly situated" test because her treatment "*permits the inference that Plaintiff's individual case was treated differently without a rational basis* and showcase Defendants' custom and practice of intentional discriminatory under-policing." (SAC, 32:24-25; emphasis added.) Plaintiff also makes a single reference in her Third Claim for Gender Based Civil Conspiracy- not the First, Fourth and Fifth Claims at-issue here- alleging Defendants "concealed the fact that the complaints of crime made by female rape victims are less important to the EMPD, LASD and LADA than complaints made by similarly-situated male rape victims." (SAC, 36:13-16.) These allegations confirm no constitutional right is at-issue.

A Rule 12(b)(6) motion must be granted unless the complaint pleads "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) Here, Plaintiff's alleged "inference" of different treatment has no factual support. Further, Plaintiff provides no facts (in an unrelated Claim) to

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

support her allegation that female rape victims are less important than similarly-situated male rape victims; namely, whether any males made rape claims to the City and if so, how they were handled differently from Plaintiff's claim.

The Individual Defendants did not infringe on a clearly established statutory or constitutional right of Plaintiff and therefore, their Motion should be granted without leave to amend as to the First, Fourth and Fifth Claims.

## II. PLAINTIFF FAILS TO PLEAD NECESSARY FACTS FOR CLAIM AGAINST CITY (FIRST, FOURTH & FIFTH CLAIMS)

To impose municipal liability under Section 1983 for inadequate training, a plaintiff must show "deliberate indifference to a constitutional right." (*Connick v. Thompson*, 563 U.S. 51, 61 (2011).)  As set forth in Section I *supra.*, Plaintiff has not pled a violation of a constitutional right and therefore, the City has not shown deliberate indifference to a constitutional right.

However, even assuming a constitutional right was pled, "a municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  (*Id.*)  A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities.  A pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of failure to train.  (*Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011).)

Plaintiff's SAC fails to plead a pattern of violations of untrained employees by the City that demonstrates the heightened deliberate indifference standard.  To be sure, Plaintiff simply summarily concludes the City failed to train officers and was on notice of the alleged policy failure based on Plaintiff's sole claim.  (SAC, ¶¶ 141, 146, 205, 217, 218.)  The conclusory nature of Plaintiff's Claims lack any specific pattern of violations are a bar to maintaining her Claims:

> The training policies of EMPD, LASD and LADA were not adequate to train
> their personnel ... with regards to providing protection in a

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

nondiscriminatory manner, understanding crime elements, employing investigative tools, conducting reasonable search and seizures, prosecuting sexual assaults, selecting unbiased jury, and treating victims equally and fairly.

(SAC, ¶ 205.)

In addition, Plaintiff's claims are alleged against both the City and the County Defendants, jointly, which prevent the City, Sheriff and the County from determining what allegations are directed against each defendant.

Plaintiff's allegations lack any support for a *Monell* claim for relief based on an inadequate training theory, or any other basis. The SAC states nothing more than "labels and conclusions" and "a formulaic recitation of the elements" of a *Monell* claim for relief. Plaintiff fails to meet her pleading burden and fail to state a Section 1983 claim against the City under any theory. (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).)

## III. PLAINTIFF'S THIRD CLAIM FOR CONSPIRACY FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

To plead the existence of civil rights conspiracy to deprive persons of rights or privileges, plaintiff must allege defendants did conspire, for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, that one or more of conspirators did, or caused to be done, any act in furtherance of object of conspiracy, and that another person was injured in his person or property or deprived of having and exercising any right or privilege of citizen of United States. (*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (C.A.8 (Neb.) 1996).) In order to state a claim for a private conspiracy under the statute that prohibits conspiracies to interfere with civil rights, the plaintiff must allege, inter alia, that the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus, and (2) aimed at interfering with rights that are protected against private, as well as official, encroachment. (*Home Quest Mortg. LLC v. American Family Mut. Ins. Co.*, 340 F.Supp.2d 1177, 1186

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

1    (D.Kan.2004).)  Allegations of conspiracy element in a Section 1985 action must be

2    supported by material facts, not merely conclusory statements.  (*Tang v. State of R.I.,*

3    *Dept. of Elderly Affairs*, 904 F.Supp. 55, 62 (D.R.I.1995).)

4        Here, Plaintiff fails to allege any facts to show Defendants were motivated by

5    discriminatory animus or that they were aiming to interfere with Plaintiff's rights.

6    (SAC, ¶ 181.)  Further, Plaintiff makes hollow assertions that all Defendants "conspired

7    among themselves and with others" to conceal that complaints made by female rape

8    victims are less important than claims made by male rape victims, without any support

9    for her alleged conspiracy (SAC, ¶ 181.)  Plaintiff's conclusory allegations are the exact

10   type of blank assertions forbidden by *Twombly*.

## IV. PLAINTIFF'S SEVENTH AND TENTH CLAIMS FOR VIOLATION OF THE CALIFORNIA CONSTITUTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

14       The equal protection standards under the Fourteenth Amendment to the United

15   States Constitution and article 1, section 7 of the California Constitution are

16   substantially the same.  (*Reece v. Alcoholic Beverage Control Appeals Board*, 64

17   Cal.App.3d. 675, 679 (1976).)  Therefore, as set forth in Section I *supra*, Plaintiff fails

18   to state a Claim under the California Constitution article 1, section 7 upon which relief

19   can be granted because there has been no violation of a constitutional right.

20       California's Victims' Bill of Rights under California Constitution article 1, § 28

21   (Tenth Claim) does not grant crime victims an interest palpable enough to be enforced

22   as a matter of due process.  (*Dix v. County of Shasta*, 963 F.2d 1296, 1299 ((9th Cir.

23   1992).)  The prosecutor has sole discretion to determine whom to charge, what charges

24   to file and to pursue, and what punishment to seek. (*Dix v. Superior Court*, 53 Cal.3d

25   442, 451 (1991) *citing People v. Sidener*, 58 Cal.2d 645, 650 (1962).) The prosecutor's

26   own discretion is not subject to judicial control.  (*Id*.)

27       Plaintiff asserts she has a recoverable right under the California Constitution, yet

28   the existing law does not support her claim.  (SAC, ¶¶ 216-221, 231-233.)  Thus,

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

Plaintiff's Seventh and Tenth claims for relief fail as a matter of law and must be dismissed.

## V. PLAINTIFF'S ELEVENTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRSS FAILS TO STATE A CLAIM

A claim for intentional infliction of emotional distress requires proof of: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the severe emotional distress. (*Crouch v. Trinity Christian Center of Santa Ana, Inc.,* 39 Cal.App.5th 995, 1007 (2019) *citing Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).)  A defendant's conduct is considered outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community, and liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities". (*Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009).)

Plaintiff's Claim does not demonstrate extreme and outrageous conduct.  (SAC, ¶¶ 234-238.)  Plaintiff concedes this case is about "the people who mishandle rape cases," which were astonishingly not one- not two- but three separate and distinct law enforcement agencies on different dates and for different reasons; namely, the City of El Monte, the Los Angeles Sheriff's Department and the Los Angeles District Attorney's office. (SAC ¶ 4.)  Plaintiff cannot meet her burden of pleading and therefore, her eleventh cause of action must be dismissed for failure to meet the *Twombly* and *Iqbal* minimum pleading requirements.  The "mishandling" of an alleged sexual assault is not extreme and outrageous conduct.

## VI. PLAINTIFF'S TWELFTH CLAIM UNDER THE UNRUH ACT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff cannot plead the requisite elements of affirmative conduct necessary to state a legally actionable Claim under the Unruh Act.  California Civil Code section 51

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

requires Plaintiff to allege evidence of willful, affirmative misconduct on the part of those who violate the Unruh Civil Rights Act, and those actions be based on protected categories under the statute. (*Bax v. Doctors Medical Center of Modesto, Inc.*, 393 F.Supp.3d 1000, 1011 (E.D. Cal. 2019).) Plaintiff must also plead intentional discrimination on the basis of sex, race, color, religion, ancestry, disability, etc. (*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d. 414, 425 (9th Cir. 2014); Cal. Civ. Code § 51, subd. (b). Plaintiff's claim fails because being a victim of a crime is not a stated protected category under the statute. Further, while Plaintiff alleges she need not claim a protected classification under the Unruh Act, the Supreme Court opinion case cited in her Opposition states the opposite:

> Notwithstanding our language about 'arbitrary discrimination' and 'stereotypes,' the Legislature has continued to pay close attention to the specific categories in the Unruh Act … Thus, the Legislature's continued emphasis on the specified categories of discrimination in the Act (without adding the words 'arbitrary,' 'unreasonable,' or similar language to its provisions) reflects the continued importance of those categories in its proper interpretation.

(*Koebke v.* Bernardo *Heights Country Club*, 36 Cal.4th 824, 841 (2005).)

Plaintiff's Twelfth Claim must be dismissed.

## VII.    PLAINTIFF'S FOURTEENTH CLAIM FOR NEGLIGENT SUPERVISION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's new Claim for Negligent Supervision against the City and Reynoso requires allegations that the person in a supervisorial capacity- Chief Reynoso- had prior knowledge of the actor's propensity to do the bad act. (*Z.V. v. County of Riverside*, 238 Cal.App.4th 889, 902 (2015).) Plaintiff, however, fails to allege any *facts* that would support her Claim. Plaintiff only alleges that Reynoso, Villanueva and Lacey customarily failed to properly supervise their officers and deputies . . . ." (SAC,

DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC

¶ 241.)  Plaintiff pleads no facts to support this general conclusory allegation nor the needed specific allegations against each of the three distinct supervisors.  Plaintiff's Fourteenth Claim must be dismissed.

## VIII.  CONCLUSION

Based upon the foregoing, the Defendants respectfully request this court to dismiss Plaintiff's SAC in its entirety as to these moving parties, with prejudice.

Dated: June 11, 2020          **OLIVAREZ MADRUGA LEMIEUX O'NEILL, LLP**

By:_____*/s/ Colin E. Barr*_____
          Colin E. Barr
Attorneys for DEFENDANTS CITY OF EL MONTE, DAVID REYNOSO, MARTHA TATE, AND MICHAEL BUCKHANNON

**DEFENDANTS' REPLY ISO MOTION TO DISMISS SAC**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and am not a party to the within action.  My business address is 500 South Grand Avenue - 12th Floor, Los Angeles, CA 90071.

       On June 11, 2020, I served a true and correct copy of the foregoing document entitled:

### **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

| | |
|---|---|
| O.L<br>11151 Valley Blvd., #4885<br>El Monte, CA 91734 | Plaintiff in Pro Per<br>Tel:      (626) 208-9665 |
| Erin R. Dunkerly, Esq.<br>Amanda G. Papac, Esq.<br>COLLINS COLLINS MUIR +<br>STEWART LLP<br>1100 El Centro Street<br>South Pasadena, CA 91030 | Attorneys for Defendants<br>County of Los Angeles, Alex<br>Villanueva, Liliana Jara, Richard Ruiz,<br>Jackie Lacey, Peter Cagney, Karen<br>Thorp, and June Chung<br><br>Tel: (626) 243-1100<br>Fax: (626) 243-1111 |

☒    (**BY CM/ECF**). The document was served via The United States District Court-Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered users in the case.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on June 11, 2020, at Los Angeles, CA.


Steve Chang_____         */s/ Steve Chang*_____
Printed Name                       Signature