FILED
CLERK, U.S. DISTRICT COURT

06/07/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:   M.B.      DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.L.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EL MONTE, et al<br><br>Defendants. | No. 2:20-cv-00797-RGK-JDE<br><br>REDACTED PLAINTIFF'S DECLARATION RE: DEFENDANT'S MOTION TO COMPEL DEPOSITION<br>(DOCKET ENTRY 128-2) |

# EXHIBIT 7

O.L.

11151 Valley Blvd #4886,

El Monte, CA 91734

626-208-9665

Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

O.L.,

              Plaintiff,

    v.

CITY OF EL MONTE, et al

              Defendants.

No. 2:20-cv-00797-RGK-JDE

**PLAINTIFF'S DECLARATION RE DEFENDANTS' MOTION TO COMPEL DEPOSITION**

Action filed: Jan 27, 2020
Deposition scheduled: Nov 5, 2020
Discovery cut-off: Feb 15, 2021

1

PLAINTIFF'S DECLARATION RE: DEFENDANT'S MOTION TO COMPEL DEPOSITION

# DECLARATION OF PLAINTIFF O.L.

O.L. states:

1. I am the plaintiff in this case. I have personal knowledge regarding the facts stated herein. If called as a witness, I could and would competently testify thereto.

2. Aug 22, 2020, five days after the entry of the initial scheduling order (Dkt. #81), I sought to have a joint discovery plan in order to streamline the discovery process but I was ignored by opposing counsel. Aug 25, 2020, eight days after the entry of the initial scheduling order, I requested initial disclosures from opposing counsel but opposing counsel claimed that she was extremely busy. Aug 31, 2020, fourteenth days after the entry of scheduling order, I provided my initial disclosures to opposing counsel and demanded Defendants' initial disclosure. On the same day, opposing counsel informed me that Rule 26(f) report was not due until Dec 14, 2020, they would confer with me for a timely Rule 26(f) conference, and initial closures were due 14 days after the Rule 26(f) conference. A true and correct copy of the entirety of the correspondence is attached hereto as Ex 1.

3. Defendants' notice of deposition and requests for documents to plaintiff was served upon me on Sep 28, 2020. One week after the receipt of Defendants' notice of deposition I requested a medication verification letter from my mental health clinic to demonstrate my emotional status is not stable and not getting better since my dose of medication has been increased and my medication has been increased from two to three. However, due to Covid-19 and clinic's procedure, I received this letter on Oct 19, 2020.

4. Oct 12, 2020 I initiated the meet and confer for a protective order from response to certain discovery requests, including production of documents at deposition, and requested opposing counsel to narrow and break down the scope of deposition and limit the length of deposition that was initially scheduled on Nov 5, 2020.

5. Oct 14, 2020 during a telephonic conference I requested opposing counsel to limit the length and scope of deposition due to my emotional status. Opposing counsel ignored my request to break down the scope of deposition. They did not ask for additional information regarding my

2

PLAINTIFF'S DECLARATION RE: DEFENDANT'S MOTION TO COMPEL DEPOSITION

"emotional status", nor did they ask how I wanted the scope limited but wholly and outright rejected my request, and expressed their intent to take a seven hour deposition. As such, Defendants have not complied with Local Rule 37-1, which requires the parties to meet and confer in good faith. Opposing counsel falsely alleged that I reiterated unspecified emotional issues preventing a deposition of longer than one hour. They further falsely alleged that since our conversation at that point had already lasted over an hour, they inquired if I needed to end our call, I said yes, and so we ended the call. The conference did not end the way opposing counsel depicted. The conference ended after we discussed a stipulated protective order governing confidential information. A true and correct copy of Defendants' meet and confer follow up letter is attached hereto as Ex 2.

6.   Although the entire telephonic conference on Oct 14, 2020 lasted over an hour the actual duration that the parties actually spoke in regards to deposition did not exceed a couple of minutes. As such, opposing counsel did not make a good faith attempt to resolve disputes.

7.   Opposing counsel did not ask for additional information but falsely alleged that "Instead of providing additional information regarding good cause to limit or stay the deposition, O.L. filed in an Ex Parte Application to stay her deposition".

8.   Oct 15, 2020 I sent opposing counsel my drafted stipulation re: protective order from answering certain discovery requests which included what was requested to produce at deposition.

9.   Friday, October 16, 2020 3:39 PM I requested to stay deposition pending a protective order but opposing counsel refused to do so. Oct 16, 2020 at 10:38 PM I emailed defense counsel regarding my intent to file ex parte application to stay the deposition. A true and correct copy of the correspondence is attached hereto as Ex 3.

10. After opposing counsel wholly and outright rejected my request to limit the length and scope of deposition I was left no choice to file the ex parte application due to opposing counsel's hostile and bullying practice.

11. Although the joint stipulation re protective order had nothing to do with Defendant's supplemental responses Defendants refused to provide their portion of stipulation re protective

3

PLAINTIFF'S DECLARATION RE: DEFENDANT'S MOTION TO COMPEL DEPOSITION

order on the ground that they were preparing for supplemental responses to my discovery requests even after I threatened to file the motion without their portion of stipulation on Oct 26, 2020. A true and correct copy of the entirety of the correspondence is attached hereto as Ex 3.

12. Despite clear case laws the court "overruled" my objections to the document requests in the deposition notice on Oct 30, 2020 which violated my constitutional rights.

13. Nov 6, 2020, over three weeks after meet and confer, Defendant JARA provided her supplemental responses which had nothing to do with the instant motion but it was used as an excuse to delay providing Defendants' portion of stipulation. Nov 9, 2020 I sent the second time my portion of stipulation to Defendants.

14. Nov 16, 2020 Defendants provided their portion of stipulation and I responded to their portion and made addition to the stipulation on Nov 18, 2020 but Defendants falsely alleged that I made considerable amount of changes and added a number of issues not previously addressed in my portions of the joint stipulation. Based on their false allegation they took another seven days to sign the joint stipulation and sent me their signed stipulation on Nov 25, 2020.

15. My motion for a protective order from response to certain discovery requests is set for a hearing on Dec 31, 2020 (See Dkt. #118).

16. Nov 20, 2020 during a telephonic conference I requested opposing counsel to limit the length and scope of deposition. They did not ask how I wanted the length and scope limited, nor did they offer to breaking the deposition into sections, but wholly and outright rejected my request. Opposing counsel did not ask for any reasoning as to why my deposition could not proceed until two months after the noticed deposition on November 5, 2020. Although the entire telephonic conference lasted approximately one hour, the actual duration that the parties actually spoke in regards to deposition did not exceed a couple of minutes. As such, Defendants have not complied with Local Rule 37-1, which requires the parties to meet and confer in good faith.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Dec 10, 2020                                    /s/ O.L.

                                                       O.L., Plaintiff in Pro Se

PLAINTIFF'S DECLARATION RE: DEFENDANT'S MOTION TO COMPEL DEPOSITION

# EXHIBIT 1

(Case No. 2:20-cv-00797-RGK-JDE)

 **Gmail**

---

## 2:20-cv-00797-RGK-JDE - discovery

**Jane Doe** <courtproceeding9@gmail.com>          Mon, Aug 31, 2020 at 10:23 AM
To: "Amanda G. Papac" <apapac@ccmslaw.com>
Cc: Tom Guterres <tguterres@ccmslaw.com>

There won't be a Rule 26(f) conference because the Court already entered a scheduling order.

On Mon, Aug 31, 2020 at 9:54 AM Amanda G. Papac <apapac@ccmslaw.com> wrote:

> Ms. :
>
> The Initial Disclosures are due 14 days after the Rule 26(f) conference. We have not held a Rule 26(f) conference yet and per the Court order the case management report/26(f) report is not due until December 14,2020. We will confer with you for a timely 26(f) conference before then and provide our initial disclosures in compliance with the code.
>
> Like I previously mentioned, I am busy this week and will work to set something up with you at the end of this week.
>
> Thank you,
>
> **Amanda G. Papac**
>
> Attorney at Law
>
> **T**: 626-243-1100 | **C**: 626-808-8531
> **F**: 626-243-1111
> 1100 El Centro Street
> South Pasadena, CA 91030
> apapac@ccmslaw.com
>
> ## COLLINS COLLINS
> ## MUIR + STEWART LLP
>
> www.ccmslaw.com
>
> South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
> Oakland 510-844-5100 - Inland Empire 909-581-6100
>
> PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of

any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, August 31, 2020 9:47 AM
**To:** Amanda G. Papac <apapac@ccmslaw.com>; Tom Guterres <tguterres@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - discovery

Dear Opposing Counsel:

Attached please find Plaintiff's Initial Disclosures Pursuant to FRCP 26.

Please forward Defendants' Initial Disclosures to me by Sep 3, 2020 (17 days after scheduling order entered on Aug 17, 2020). If I have not received your initial disclosures by then, I will request a status conference to resolve your non-compliance with the federal rules and move the court to extend discovery cut-off date. I would like to stipulate with you a protective order governing confidential information. Please let me know if you have any concerns.

Sincerely,

On Tue, Aug 25, 2020 at 3:32 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

Ms. :

I am extremely busy this week and next. I will get back to you sometime at the end of next week or the beginning of the week after that.

**Amanda G. Papac**

Attorney at Law

**T**: 626-243-1100 | **C**: 626-808-8531
**F**: 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

**COLLINS COLLINS MUIR + STEWART** LLP

www.ccmslaw.com

South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Tuesday, August 25, 2020 3:28 PM
**To:** Kristy M. Eulloqui <KEulloqui@ccmslaw.com>
**Cc:** Tom Guterres <tguterres@ccmslaw.com>; Christian F. Nagy <cnagy@ccmslaw.com>; Amanda G. Papac <apapac@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>; Alicia Gomez <agomez@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - discovery

Ms Papac,

When would you like to make the initial disclosure?

Thank you.

Doe

On Sat, Aug 22, 2020 at 2:02 PM Jane Doe <courtproceeding9@gmail.com> wrote:

Dear Ms Papac,

Would you like to have a joint discovery plan? Please let me know.

Thank you.

Doe

# EXHIBIT 2

(Case No. 2:20-cv-00797-RGK-JDE)

**COLLINS COLLINS
MUIR + STEWART** LLP

AMANDA PAPAC
Los Angeles County Office
1100 El Centro Street
South Pasadena, CA 91030
T 626-243-1100
F 626-243-1111
apapac@ccmslaw.com

October 19, 2020

***VIA EMAIL***

███████

11151 Valley Blvd.,
Suite #4886
El Monte, CA 91734
626-208-9665
Courtproceeding9@gmail.com

Re:    *O.L. v. County of Los Angeles, et al.*
       Our File Number:     22240

Dear Ms. ███ ACT

The purpose of this correspondence is to further meet and confer regarding your issues with Defendants Detective Jara and Lieutenant Ruiz's discovery responses and Defendants' written discovery propounded to you. The following summarizes our understanding of the state of this meet and confer as of the telephonic conference we had with you on October 14, 2020.

## DEFENDANTS' RESPONSES TO WRITTEN DISCOVERY

### *Discovery Propounded on County of Los Angeles*

During the telephonic conference you stated that County is required to respond to discovery because Detective Jara and Lieutenant Ruiz are being sued in their official capacities. The Court has already dismissed your claims as to the entity. We requested that you provide us with authority stating that a party can serve written discovery on a dismissed public entity on this basis. Until then, our objections stand.

Los Angeles County
Orange County
San Diego County
Northern California
Inland Empire

www.ccmslaw.com

REDACT

October 19, 2020
Page 2

## Preliminary Statement

You have taken issue the preliminary statement in Defendants' written discovery responses because they include the following language: "Plaintiff's requests violate Federal Rules of Civil Procedure Rule 26(b)(1)." You stated that this objection lacks specificity. We informed you to look at Defendants' responses to each individual request number for Defendants' specific objections to the request and not to the preliminary statement. To avoid any further confusion, we hereby withdraw our preliminary statement of objections.

## Defendants' Burdensome Objections

You stated there are no facts to assess Defendants' objections that are based on the grounds of burden. Once again, we informed you to look to at the individual discovery responses for the specific objections. For example, Lt. Ruiz objects to Interrogatory No. 6 on the grounds that is unduly burdensome. If you read the entire response, it informs you of that the basis for this objection is because the Interrogatory seeks "a detailed summary of nine years of training, which is extensive." You took issue with this response because you believe that LASD peace officers only participate in 40 hours per year of training, however, you could not provide a basis for this belief and even if true it would not lessen the burden that this request demands.

## Verification for Detective Jara's Responses to Request for Admissions

You requested verifications for Det. Jara's responses to Requests for Admissions, Set One. We informed you that there is no requirement that the response be verified. (Fed. R. Civ. P. 36.) Federal Rule of Civil Procedure, Rule 36 only requires the responses be "signed by the party or its attorney." The responses were signed by Det. Jara's attorney and comply with the federal rules. We are happy to consider any authority you provide to the contrary.

## Detective Jara's Responses to Request for Admissions Nos. 3-7, 11, and 23

You stated that these requests seek information that is relevant to your unlawful search and seizure claim. However, we informed you that these requests seek information that has no bearing on whether Defendants exceeded the scope of your consent to search the cellphone you gave to the Sheriff's Department. For example, Request for Admission No. 23 asks Det. Jara to admit that she did not obtain Suarez's smart phone for investigation. Whether LASD personnel did or did not physically search Suarez's cellphone has no relevance as to whether Det. Jara exceeded the scope of your consent to search your phone. Det. Jara will not be supplementing these responses.

*File #22240*

REDACT

October 19, 2020
Page 3

### Detective Jara's Responses to Interrogatory No. 1

As requested, we will serve supplemental responses to this Interrogatory to reflect Det. Jara's responses to Requests for Admission Nos. 16 and 21.

### Privilege Logs for Defendants' Responses to Interrogatories

Defendants have not invoked the option under Federal Rule of Civil Procedure Rule 33(d) to respond to your interrogatories. Defendants have sufficiently answered each interrogatory and are not withholding documents that would require them to create a privilege log.

## YOUR PRELIMINARY OBJECTIONS TO DEFENDANTS' WRITTEN DISCOVERY

### Preliminary Objections to Detective Jara's Requests for Production Nos. 4, 10, 12, 13, 20, 21, 22, 23, 24, and 27

You stated that the above-referenced requests seek irrelevant information. Specifically, you inquired how Request No. 10 is relevant, which request seeks documents related to Mr. Suarez's criminal conduct, including reports and documents you provided to LASD, and LADA. We explained that you signed an Entry and Search Waiver that gave LASD consent to search your phone for any and all evidence related to Mr. Suarez's criminal conduct, thus, the documents and reports you have submitted to various law enforcement agencies and district attorneys offices are relevant to establishing the reasonableness of any alleged search of your cellphone.

### Preliminary Objections to Detective Jara's Interrogatory No. 19

You stated that the only purpose for requesting information on your other lawsuits serves no purpose but to harass. As you are aware, you are maintaining multiple lawsuits right now, many of which are related or based on the same allegations as this instant lawsuit. Defendants are entitled to this information to assess what kind of representations you have made in these related lawsuit and goes directly toward your credibility and recoverability of damages. For example, if you are presenting inconsistent emotional damage theories, Defendants are entitled to assess these claims in order to support their defenses in this lawsuit.

*File #22240*

REDACT

October 19, 2020
Page 4

*Preliminary Objections to Lieutenant Ruiz's Requests for Admissions Nos. 1-5*

You stated that is unfair to ask you if you have evidence, facts, or witnesses in support of your claims at this stage of the litigation. By brining this lawsuit and signing the pleadings you are representing to the court that your factual contentions have evidentiary support and that information is discoverable. <u>Fed. R. Civ. P. 11</u>. If you do not have any facts, evidence, or witnesses to support your claim for violation of the Fourth Amendment at this time, your conduct in brining this lawsuit is sanctionable by the Court.

## YOUR PROPOSAL TO AMEND THE SCHEDULING ORDER

You inquired whether we would stipulate to a new scheduling order to extend the discovery schedule. You stated that your recent discovery that Lt. Ruiz learned about your GoFundMe webpage through the Santa Ana Police Department, and not a search of your cellphone, should entitle you to more time to investigate and add additional defendants. This is not a valid basis for changing the schedule set by the Court. Lt. Ruiz learning about your GoFundMe webpage through the Santa Ana Police Department, and not a search of your cellphone, does not imply any possibility that further investigation will present you with additional defendants for this lawsuit relative to the search of your cellphone. Rather, this should demonstrate to you that Lt. Ruiz has been wrongfully named as a defendant in this lawsuit. At this time, we see no reason to stipulate.

## YOUR DEPOSITION SCHEDULED FOR NOVEMBER 5, 2020

You raised the issue of your upcoming deposition on November 5. You asked that the scope of questions and the time of the deposition be limited. We informed you that a deposition of a party may last one full business day. You stated that you can only do one-hour of deposition because of your emotional status. We informed you that we cannot agree to a one-hour deposition. You indicated you will seek a protective order. As for the scope of your deposition, we are entitled to conduct full discovery relative to your claims. You presented no further information as to how the scope of your deposition ought to be limited.

## YOUR PROPOSED PROTECTIVE ORDER

You sent us a draft protective order and, as discussed on the phone, your draft vaguely refers to broad categories of your private, medical, and witness information. We informed you that we cannot stipulate to your proposed protective order without more specific information as to what you are attempting to protect. You stated that the name of your health care providers is privileged and undiscoverable. We asked you to provide us with authority to support this position.

*File #22240*

REDACT

October 19, 2020
Page 5

There is no physician-patient privilege under federal law, and even if this privilege were considered under California law, any claim of physician-patient privilege would be waived because you are seeking damages for, among other things, emotional distress. See *In re Lifschutz*, 2 Cal. 3d 415, 433-434 (1970); see also *Vinson v. Superior Court*, 43 Cal. 3d 833, 841 (1987). If you have any authority to the contrary, please provide it.

Please promptly notify Erin Dunkerly or me if you have any contrary authority to support or positions or disagree with the narrative of the October 14, 2020, telephonic conference as outlined above. We welcome any opportunity to further meet and confer and informally resolve the pending discovery disputes without the court's intervention.

Very truly yours,

COLLINS COLLINS MUIR + STEWART LLP

AMANDA G. PAPAC
AGP:kmf

*File #22240*

# EXHIBIT 3

(Case No. 2:20-cv-00797-RGK-JDE)

 **Gmail**

Jane Doe <courtproceeding9@gmail.com>

## 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

**Jane Doe** <courtproceeding9@gmail.com>
To: "Amanda G. Papac" <apapac@ccmslaw.com>
Cc: "Erin R. Dunkerly" <edunkerly@ccmslaw.com>, "Helen L. Esparza" <hesparza@ccmslaw.com>, Legal Assistant Services <legalservices@ccmslaw.com>

Mon, Nov 9, 2020 at 11:19 AM

Ms Papac,

Attached please find the joint stipulation regarding motion to compel and for protective order. Should you have any questions please let me know.

Thanks.
O.L.

On Tue, Nov 3, 2020 at 2:18 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

Ms. :

Our client will be sending us the signed verification form sometime tomorrow after 6:00 p.m.

**Amanda G. Papac**

Attorney at Law

**T:** 626-243-1100 | **C:** 626-808-8531
**F:** 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

## COLLINS COLLINS MUIR + STEWART LLP

www.ccmslaw.com

South Pasadena 626-243-1100 – Orange 714-823-4100 – San Diego 760-274-2110
Oakland 510-844-5100 – Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Amanda G. Papac
**Sent:** Tuesday, November 3, 2020 12:14 PM
**To:** Jane Doe <courtproceeding9@gmail.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>
**Subject:** RE: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

Ms. ,

We are waiting on our client to sign and return the verification for the supplemental responses. We have followed up with our client today.

**Amanda G. Papac**

Attorney at Law

**T**: 626-243-1100 | **C**: 626-808-8531
**F**: 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

**COLLINS COLLINS
MUIR + STEWART** LLP

www.ccmslaw.com

South Pasadena 626-243-1100 – Orange 714-823-4100 – San Diego 760-274-2110
Oakland 510-844-5100 – Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, November 2, 2020 9:46 PM
**To:** Amanda G. Papac <apapac@ccmslaw.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

Ms Papac,

I initiated the meet and confer on Oct 12, 2020 and demanded supplemental responses by Oct 19, 2020. I sent you joint stipulations on Oct 15, 2020. As of today, I received neither your supplemental responses nor your portion of joint stipulations. This is my last attempt to resolve the disputes before filing the motions without your portion of joint stipulation. Please provide your supplemental responses by Nov 3, 2020.

Thanks.

O.L.

On Mon, Oct 26, 2020 at 12:26 PM Jane Doe <courtproceeding9@gmail.com> wrote:

Authority to support my arguments is set out in my initial joint stipulation.

On Mon, Oct 26, 2020 at 12:24 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

Ms. :

Again, please re-read the email below. We sent you a substantive letter on Monday, October 19, 2020 outlining our concerns with your proposed discovery issues and requested that you provide us with authority to support the arguments you presented during the telephonic conference. If you have nothing further to add, we will begin working with our client's to provide supplemental responses. We can hopefully provide you with the supplemental responses by this Friday or next Monday.

**Amanda G. Papac**

Attorney at Law

**T:** 626-243-1100 | **C:** 626-808-8531
**F:** 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

## COLLINS COLLINS
## MUIR + STEWART LLP

www.ccmslaw.com

South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, October 26, 2020 12:11 PM
**To:** Amanda G. Papac <apapac@ccmslaw.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

When are you going to provide your supplemental response?

On Mon, Oct 26, 2020 at 12:04 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

> Ms. ,
>
> Please re-read our email below. Your draft joint stipulations are outdated and do not reflect the orderly meet and confer process we are under orders to comply with.
>
> **Amanda G. Papac**
>
> Attorney at Law
>
> **T:** 626-243-1100 | **C:** 626-808-8531
> **F:** 626-243-1111
> 1100 El Centro Street
> South Pasadena, CA 91030
> apapac@ccmslaw.com

# COLLINS COLLINS
# MUIR + STEWART LLP

www.ccmslaw.com

South Pasadena 626-243-1100 – Orange 714-823-4100 – San Diego 760-274-2110
Oakland 510-844-5100 – Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, October 26, 2020 11:15 AM
**To:** Amanda G. Papac <apapac@ccmslaw.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

Your correspondence dated Oct 19, 2020 cannot substitute your portion of joint stipulation. You have not provided supplemental responses by far.

If I do not have your supplemental responses or your portion of joint stipulation by tomorrow, I will go ahead and file the motions.

On Mon, Oct 26, 2020 at 10:48 AM Amanda G. Papac <apapac@ccmslaw.com> wrote:

Ms. :

We did respond to your proposed joint statements in a letter sent to you on Monday, October 19, 2020. Your joint statements were premature and did not comply with Local Rule 37-1. As of now, your draft joint statements are outdated because they include some issues that either have been resolved through meet and confer or will be addressed by supplemental responses. We are relying on your good-faith participation in the meet and confer process, which includes providing us with your authority, to make a final determination about what discovery responses we will be supplementing. Please respond at your earliest convenience.

Once the meet and confer process has concluded and we have provided you with the Defendants' supplemented responses, we will be expecting you to send a revised joint stipulation for your discovery motions.

**Amanda G. Papac**

Attorney at Law

**T:** 626-243-1100 | **C:** 626-808-8531
**F:** 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

# COLLINS COLLINS
# MUIR + STEWART LLP

www.ccmslaw.com

South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Monday, October 26, 2020 6:12 AM
**To:** Amanda G. Papac <apapac@ccmslaw.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE – joint stipulation re: Plaintiff's motion to compel and for protective order

Dear Ms Papac,

Pursuant to L.R. 37-2.2, unless the parties agree otherwise, within seven days of receipt of the moving party's material, counsel for the opposing party must personally deliver, e-mail, or fax to counsel for the moving party the opposing party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the opposing party's position.

As of today I have not received your portion of the stipulation and it has been over seven days.

Thanks.

O.L.

On Fri, Oct 16, 2020 at 10:38 PM Jane Doe <courtproceeding9@gmail.com> wrote:

Then I will have to file an ex parte application to stay the deposition pending the court's ruling. |

On Fri, Oct 16, 2020 at 4:11 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

Ms. :

The deposition will proceed as noticed. You have not provided us with any good cause to limit your deposition to a duration of one hour, nor have you provided any good cause to seek to preemptively limit the scope of your deposition.

**Amanda G. Papac**

Attorney at Law

**T:** 626-243-1100 | **C:** 626-808-8531
**F:** 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
apapac@ccmslaw.com

**COLLINS COLLINS
MUIR + STEWART** LLP

www.ccmslaw.com

South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Friday, October 16, 2020 3:39 PM
**To:** Amanda G. Papac <apapac@ccmslaw.com>
**Cc:** Erin R. Dunkerly <edunkerly@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

The deposition has to stay as well as you refused to set limit on the scope and length for it.

On Fri, Oct 16, 2020 at 3:24 PM Jane Doe <courtproceeding9@gmail.com> wrote:

> I understand you will be supplementing the discovery responses. I will make amendments to the stipulation based on your supplemental responses. Please note that what I sent you is the initial version subject to amendments.
>
> As to the extension of time to respond to your discovery requests I meant the extension should be when the protective order governing confidential information is settled.

On Fri, Oct 16, 2020 at 3:11 PM Amanda G. Papac <apapac@ccmslaw.com> wrote:

> Ms. :
>
> The joint statements you have drafted have been sent prematurely. We are still in the process of meeting and conferring. As we stated on the call this Wednesday, we will be supplementing the discovery responses and clarifying a few items for you. We will be sending a follow up letter shortly to continue our meet and confer efforts.
>
> As for your request to extend your discovery response deadline, we are agreeable to a one week extension. Your discovery responses are now due on November 4, 2020.
>
> **Amanda G. Papac**
>
> Attorney at Law
>
> **T:** 626-243-1100 | **C:** 626-808-8531
> **F:** 626-243-1111
> 1100 El Centro Street
> South Pasadena, CA 91030
> apapac@ccmslaw.com
>
> **COLLINS COLLINS**
> **MUIR + STEWART** LLP
>
> www.ccmslaw.com
>
> South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
> Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Friday, October 16, 2020 8:51 AM
**To:** Amanda G. Papac <apapac@ccmslaw.com>; Erin R. Dunkerly <edunkerly@ccmslaw.com>; Helen L. Esparza <hesparza@ccmslaw.com>; Legal Assistant Services <legalservices@ccmslaw.com>
**Subject:** Re: 2:20-cv-00797-RGK-JDE - joint stipulation re: Plaintiff's motion to compel and for protective order

Meanwhile, I would like to ask for an extension of time to respond to your discovery requests pending protective orders.

On Thu, Oct 15, 2020 at 7:59 PM Jane Doe <courtproceeding9@gmail.com> wrote:

Dear Ms Papac,

Attached please find my initial version on joint stipulations re: Plaintiff's motion to compel and for protective order. Please add your position and send them back to me in order to file them with the court.

Thank you.

O.L.

---

**2 attachments**

📄 **joint stipulation motion to compel - based on supplemental responses.docx**
56K

📄 **joint stipulation motion for protective order.docx**
67K