UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| O.L., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF EL MONTE, et al., <br><br> Defendants. | Case No. 2:20-cv-00797-RGK (JDE) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the operative Second Amended Complaint (Dkt. 40, "SAC") filed by Plaintiff O.L. ("Plaintiff"); this Court's Order granting Plaintiff's Motion for Preliminary Injunction (Dkt. 54); the Motion to Dismiss the SAC filed by Defendants the City of El Monte, Michael Buckhannon, David Reynoso, and Martha Tate (Dkt. 50); the Motion to Dismiss the SAC filed by Defendants the County of Los Angeles, Peter Cagney, June Chung, Liliana Jara, Jackie Lacey, Richard Ruiz, Karen Thorp, and Alex Villanueva (Dkt. 51); the prior Report and Recommendation of the assigned United States Magistrate Judge (Dkt. 66, "First Report"); this Court's Order accepting the First Report (Dkt. 72, "Prior Dismissal Order"); the First Amended Case Management and Scheduling

1. Order issued by the assigned Magistrate Judge (Dkt. 94, "Scheduling Order");
2. the Answer to the SAC filed by Defendants Liliana Jara and Richard Ruiz
3. ("Moving Defendants") (Dkt. 80); Moving Defendants' Motion for Summary
4. Judgment as to the SAC (Dkt. 216, "Moving Defendants' Motion") and all
5. supporting and opposing papers relating thereto; Plaintiff's Motion for Partial
6. Summary Judgment (Dkt. 217, "Plaintiff's Motion") and all supporting and
7. opposing papers relating thereto; Defendants' Motion for Sanctions (Dkt. 223,
8. "Sanctions Motion") and all supporting and opposing papers relating thereto;
9. the Report and Recommendation issued by the Magistrate Judge regarding
10. Moving Defendants' Motion, Plaintiff's Motion, and the Sanctions Motion
11. (Dkt. 242, "Second Report"); the Objections to the Second Report filed by
12. Defendants (Dkt. 259); Plaintiff's Reply to Defendants' Objections (Dkt. 260);
13. Plaintiff's Objections to the Second Report (Dkt. 261); and Defendants' Reply
14. to Plaintiff's Objections (Dkt. 262).

The Court has engaged in a de novo review of those portions of the Second Report to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

In her Objections, in addition to objecting to portions of the Second Report, Plaintiff asks (1) to amend the operative complaint to add the County of Los Angeles, Alex Villanueva, and Peter Hish as defendants; (2) permit discovery as to a Monell claim and state law claims; and (3) to keep the preliminary injunction in place. The Court denies each of Plaintiff's requests.

First, as to Plaintiff's request for further leave to amend as to the County of Los Angeles and Alex Villanueva, the Court has already found that Plaintiff failed to state a federal claim against either defendant, dismissing those claims with prejudice and without leave to amend nearly a year ago in the Prior Dismissal Order. To the extent Plaintiff seeks reconsideration of that finding, Plaintiff has not asserted, much less shown, any proper basis for

reconsideration of the Court's Order under Federal Rules of Civil Procedure 59 or 60(b) or Central District Local Civil Rule 7-18, and the Court finds no basis to reconsider its prior ruling. To the extent Plaintiff seeks to amend the operative SAC to identify Peter Hish as one of the Doe defendants, she has failed to show good cause for her failure to identify and serve him within the time period under the operative Scheduling Order. As noted in the Second Report, the deadline for seeking to amend a pleading or to join other parties was October 28, 2020—a deadline extended once at Plaintiff's request. The assigned Magistrate Judge repeatedly advised Plaintiff that the Court would recommend dismissal of any party not timely served or identified by name by that time. Nevertheless, in her Objections, Plaintiff now seeks to name Peter Hish as a defendant, claiming that she did not discover his identity until November 9, 2020. Even assuming that Plaintiff did not learn about this individual until November 2020, she has not provided any good cause for her failure to seek leave to amend in the intervening seven months. As such, Plaintiff's request for leave to amend the SAC to name the County of Los Angeles, Alex Villanueva, and Peter Hish is denied.

Second, as to Plaintiff's request for permission to conduct discovery as to a Monell claim and state law claims, the Monell claims were dismissed with prejudice and without leave to amend and the Court declined to exercise supplemental jurisdiction over the state law claims, as set forth in the Prior Dismissal Order. As such, no reopening of discovery relating to claims dismissed nearly a year ago is warranted.

Finally, as to Plaintiff's request to keep the preliminary injunction in place pending appeal, Plaintiff has provided no basis for such an order. The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment. U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010). Thus, "[a] preliminary injunction imposed

according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves ipso facto when a final judgment is entered in the cause." Id. at 1093. The Court has ruled in Defendants' favor and against Plaintiff as to each federal claim asserted in the action and has declined to exercise supplemental jurisdiction over the remaining state claims, with judgment to be entered dismissing all federal claims in favor of Defendants. There is no basis to continue the preliminary injunction and it shall be ordered discharged.

As a result, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion (Dkt. 217) is DENIED;
2. Moving Defendants' Motion (Dkt. 216) is:
    a. GRANTED without leave to amend and with prejudice as to the Second Cause of Action alleged against Moving Defendants; and
    b. DENIED as to the remaining state law claims alleged against Moving Defendants, but the Court declines to exercise supplemental jurisdiction over those state law claims and dismisses them without prejudice to Plaintiff asserting such claims in state court;
3. All claims against all remaining DOE defendants are dismissed without prejudice;
4. Moving Defendants' Motion for Sanctions (Dkt. 223) is DENIED;
5. The Preliminary Injunction (Dkt. 54) is DISCHARGED; and
6. Judgment shall be entered in accordance with the foregoing and the Prior Dismissal Order.

IT IS SO ORDERED.

Dated: July 2, 2021

R. GARY KLAUSNER
United States District Judge